## S. S. CRAWFORD ET AL. v. S. THOMPSON ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS OF FAYETTE COUNTY.

Argued May 11, 1891—Decided May 25, 1891.

(*a*) A wife received $2,500 from her father's estate in 1842. In 1863, land was purchased for $6,300, under articles and a deed both made in the name of her husband, who died in 1884, still holding the legal title. Plaintiffs in ejectment, brought in 1887, claimed as heirs at law of the husband; defendant, under a resulting trust in the wife:

1. In such case, to establish a resulting trust in the wife, it should appear by clear proof that her money went into the land at the inception of her husband's title; that the purchase was made by her or for her account, and that the placing of the title in her husband was in violation of an agreement that the deed was to be made to her.

2. Proof of mere casual declarations of the husband, made after the purchase, that his wife's money, received prior to the act of 1848, went into the land and that it belonged to her, were insufficient to disturb a record title of such long standing; whether the resulting trust alleged was barred by § 6, act of April 22, 1856, P. L. 533, not decided.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 62 January Term 1891, Sup. Ct.; court below, No. 142 June Term 1887, C. P.

On April 14, 1887, S. S. Crawford and nineteen others brought ejectment against Samuel Thompson and four others, for a tract of 137 acres 99 perches, in Luzerne township. Issue.

At the trial, on May 28, 1890, it was shown on the part of the plaintiffs, that Dr. G. H. Crawford and Elizabeth Rush were married on or about June 24, 1840; that Elizabeth Rush was the daughter of James Rush, who died in 1842; that on April 4, 1863, by deeds from James A. Cox and wife, and Christopher Cox, Dr. G. H. Crawford acquired title to the land in dispute; that Dr. G. H. and Elizabeth Rush Crawford had but one child, to wit, Elizabeth, who became the wife of Samuel Thompson, one of the defendants herein; that Samuel and Elizabeth Crawford Thompson had but one child, to wit, Isaac C., who died September 2, 1873, when seven months old; that Elizabeth Rush Crawford, wife of Dr. G. H. Crawford, died November 9, 1875, intestate; that Elizabeth Crawford Thompson, wife of said Samuel Thompson, died on June 20, 1877, intestate, leaving surviving her said husband but no issue; and that Dr. G. H. Crawford died in possession of the land in dispute on December 15, 1884, intestate, leaving no widow nor issue surviving, but leaving collateral heirs some of whom were the plaintiffs. Having given evidence of mesne profits, the plaintiffs rested.

On the part of the defendants, there was evidence tending to show that Elizabeth Rush Crawford received, in 1842, about $2,500, in real estate it seemed, as her share of the estate of James Rush, her father; that on March 29, 1862, Dr. G. H. Crawford and Elizabeth his wife conveyed a tract of land in Greene county to Henry Luce, a portion of the lands so conveyed being 100 acres formerly of the estate of James Rush, deceased, and another portion a parcel conveyed to Dr. G. H. Crawford by one Burson on July 27, 1850; that on the death of Dr. G. H. Crawford his entire personal estate amounted to about $1,500 and that was consumed in the payment of his debts. This evidence was followed by evidence of casual statements made by Dr. G. H. Crawford, after he had moved upon the land in dispute, to the effect that his wife's money had gone into the land, and that it was her property.

In their rebuttal, the plaintiffs showed that the article of

agreement with James A. Cox and others, for the purchase of the land in dispute, dated in March, 1862, was made in the name of Dr. G. H. Crawford and that the same evening, but before the article was executed, Dr. Crawford told a witness, J. F. Morton, Esq., that he had enough money of his own to pay for the land, and he was going to have it in his own name; "he told me he had sold the land he owned in Greene county, and that with his other money he could pay for this, for the farm was small." The plaintiffs also adduced evidence to the effect that after the death of Dr. Crawford, they were in possession of the land in dispute by tenants paying them rent, and began proceedings for the partition thereof; that the proceedings were so advanced that the sale of the land was ordered, and on the day of sale, defendant Thompson gave notice of his claim of title as the landlord of the tenants in possession, who had attorned to him; and thereupon the plaintiffs brought this suit.

At the close of the testimony, the court, INGHRAM, P. J., charged the jury:

The plaintiffs request the court to charge:

1. That, it being admitted that the plaintiffs own the undivided $\frac{73}{135}$ of the title of Dr. George H. Crawford, without admitting that he ever owned anything but curtesy in the premises in dispute, and that their share of the mesne profits of said premises are $540, the plaintiffs, under all the evidence in this case, are entitled to a verdict for the $\frac{73}{135}$ of the premises described in the writ, costs, and the sum of $540 as mesne profits.

Answer: Affirmed.

—The jury returned a verdict for the plaintiffs, as directed by the answer to said point.

A rule for a new trial having been argued, the court, INGHRAM, P. J., on August 8, 1890, filed the following opinion:

Although the legal title to the land in dispute was in Dr. G. H. Crawford at the time of his death, yet the defendants claim that he held such title in trust for his wife, Elizabeth Rush Crawford, whose money, defendants claim, paid for the land at the time of its purchase.

Plaintiffs, without admitting this claim of defendants as to

payment of purchase money, etc., hold that even if it were true, still defendants would not be entitled to the verdict; that their claim would be barred by the act of April 22, 1856. It will not be necessary for us to decide this question, as we are of opinion that the plaintiffs were entitled to recover on other grounds ; for, admitting that the property in dispute really belonged to Mrs. Crawford, then her husband, Dr. G. H. Crawford, who survived her, was entitled to hold the land as tenant by the curtesy, and by the admitted facts died in possession of the land.

The only claim of defendant, Samuel Thompson, is through his wife, Elizabeth Crawford Thompson, who died June 20, 1877, intestate, without issue, and during the continuance of the life-estate of her father, Dr. G. H. Crawford. Can there be a tenancy by the curtesy of a remainder or reversion vested in the wife, if the particular estate continue till the death of the wife ? It seems to us to be well settled that a husband cannot be tenant by the curtesy of a reversion or remainder, expectant upon the estate for life, unless the latter be determined during the coverture. This question has been passed upon by the Supreme Court of this and other states, in the following cases: Chew v. Commissioners, 5 R. 159; Pierce v. Hakes, 23 Pa. 231; Hitner v. Ege, 23 Pa. 305; Shores v. Carley, 90 Mass. 425; Ferguson v. Tweedy, 43 N. Y. 543.

—The rule for a new trial having been discharged and judgment entered, the defendants took this appeal, assigning the answer to the plaintiffs' point for error.

*Mr. Edward Campbell*, for the appellants.

That the five years' limitation, of § 6, act of April 22, 1856, P. L. 533, could not run against a cestui que trust in possession, as claimed by the plaintiffs, counsel cited : Clark v. Trindle, 52 Pa. 492; Williard v. Williard, 56 Pa. 119; Smith v. Tome, 68 Pa. 158; Black's Est., 18 W. N. 455. The only limitation applicable to defendants' claim was the thirty years' limitation of § 1, act of April 22, 1856, P. L. 532; Hogg v. Ashman, 83 Pa. 82; Hunt v. Wall, 75 Pa. 413; Ege v. Medlar, 82 Pa. 86. That, under the evidence, the real ownership of the land was in Mrs. Crawford: Heath v. Slocum, 115 Pa. 549; and the outstanding title in her heirs was sufficient to

defeat the plaintiffs' action: Heffner v. Betz, 32 Pa. 376; Lane v. Reynard, 2 S. & R. 65; Kennedy v. Skeer, 3 W. 95; Covert v. Irwin, 3 S. & R. 283; Fisher v. Philadelphia, 75 Pa. 392; Woods v. Lane, 2 S. & R. 53; Foster v. McDivit, 9 W. 341; Prutzman v. Ferree, 10 W. 143.

*Mr. Geo. D. Howell* (with him *Mr. E. H. Reppert* and *Mr. S. L. Mestrezat*), for the appellees.

That, against one entering without title, plaintiffs need only show a prior possession, counsel cited: Shumway v. Phillips, 22 Pa. 151; Turner v. Reynolds, 23 Pa. 199; Kline v. Johnston, 24 Pa. 72; Burke v. Hammond, 76 Pa. 172. That, under the evidence, Dr. Crawford having died holding the legal title, defendant Thompson could have no curtesy estate, and no estate whatever in the land: Chew v. Commissioners, 5 R. 160; Hitner v. Ege, 23 Pa. 305; Pierce v. Hakes, 23 Pa. 231; Young v. McIntyre, 6 W. N. 252; Williams v. Baker, 71 Pa. 476; Scott on Int. Law, 2d ed., 508–511. That the testimony fell far short of proving the resulting trust claimed, and its sufficiency was a preliminary question for the court: Wylie v. Mansley, 132 Pa. 65; Moore v. Small, 19 Pa. 461; Piersol v. Neill, 63 Pa. 420; Hess v. Calender, 120 Pa. 138; Dyer's App., 107 Pa. 446; and a verdict establishing it would not have been sustained: Tyson v. Passmore, 2 Pa. 122; Greenlee v. Greenlee, 22 Pa. 225; Reno v. Moss, 120 Pa. 49; as there was a failure to show any payment by Mrs. Crawford at the inception of the title: Hayes's App., 123 Pa. 110; Barnet v. Dougherty, 32 Pa. 371; Robertson v. Robertson, 9 W. 32; Sidle v. Walters, 5 W. 391; Nixon's App., 63 Pa. 279; Cross's App., 97 Pa. 471; Bickel's App., 86 Pa. 204; O'Hara v. Dilworth, 72 Pa. 397. Wherefore, equity would not have decreed the purchaser a trustee: Jackman v. Ringland, 4 W. & S. 150; Haines v. O'Conner, 10 W. 313; Fox v. Heffner, 1 W. & S. 376; Smith v. Smith, 27 Pa. 180; Lloyd v. Lynch, 28 Pa. 423; McBarron v. Glass, 30 Pa. 134; Kellum v. Smith, 33 Pa. 164. Moreover, the limitation of § 6, act of April 22, 1856, P. L. 533, ran against defendants: Rider v. Maul, 46 Pa. 376; Best v. Campbell, 62 Pa. 476; Huffnagle v. Blackburn, 137 Pa. 633; Christy v. Sill, 95 Pa. 380; as Mrs. Crawford was not in the exclusive possession contemplated in Williard

-v. Williard, 56 Pa. 119: Douglass v. Lucas, 63 Pa. 9; Mc-Ninch v. Trego, 73 Pa. 52.

PER CURIAM:

The real estate in controversy was purchased by George H. Crawford in 1863. The title remained in him at the time of his death, in 1884. It is now claimed by his heirs at law, a portion of whom are the plaintiffs in this suit. The attempt to set up by oral testimony an equitable title in his wife, after this lapse of time, very properly failed in the court below. It is alleged that he paid for the property with the money of his wife; and that the title was to have been made to her. There was evidence that Mrs. Crawford received some twenty-five hundred dollars from her father's estate in 1842, but there was no direct evidence that this money went into the farm at the inception of the title. Aside from this, if the money was received by Mrs. Crawford prior to 1848, it became the property of her husband. There were loose declarations of the latter that his wife's money went into the property, and that it belonged to her. But it would be unsafe, after all these years, to disturb a title upon this kind of evidence. More must be shown than that his wife's money went into the property. It may have done so, and yet been a mere loan or gift from the wife. To establish a resulting trust which is to overturn a record title of nearly thirty years, it must appear by clear proof that her money went into the property at the inception of the title; that the purchase was made by her, or for her account, and that the placing of the title in her husband was in violation of an agreement by which the deed was to be made to her. The proof does not come up to this standard. The original agreement for the purchase of the farm was in the name of Dr. Crawford. He claimed at that time to be buying it for himself, and to be paying for it with his own money. He directed the deed to be made in his own name. It nowhere appears that there was any direction of his wife to put the deed in her name, or that he had agreed with her that it should be so placed. Moreover, the purchase money, as we understand, was sixty-three hundred dollars, while the share Mrs. Crawford received from her father's estate was, as before stated, about twenty-five hundred dollars. Under the circum-

stances, we do not feel called upon to discuss the effect of the statute of April 22, 1856, P. L. 533, as between husband and wife.

Judgment affirmed.