## Cornman's Estate.

|197  125|
|195  635|
197       125|
216       ¹236|

*Trust and trustees—Trust in favor of married women—Evidence.*

The evidence in support of a trust in real estate resulting in favor of a married woman from her payment of the purchase money must be clear, precise, convincing and satisfactory. It is not enough that it satisfies the jury, it must also satisfy the mind and conscience of the court sitting as a chancellor reviewing the testimony, and if it fails in this respect the evidence must be withdrawn from the jury.

A trust in land in favor of a married woman cannot be sustained where there is no proof that at the time the land was purchased it was paid for with her money, and that it was her intention to take title in her own name, the evidence being merely that she had lent money to her husband at the time of the purchase, and that her relation to him was only that of an ordinary creditor.

*Husband and wife—Interest on loan to husband.*

To recover interest from a husband for money loaned to him, the wife must prove an agreement or promise that entitles her to it. The obligation of the husband to pay interest cannot be presumed, but his agreement to do so may be inferred from the circumstances attending the loan.

A declaration made by a husband in his lifetime to a credible witness that he had promised his wife to pay interest on money which she had lent to him, is sufficient to prove an agreement on the part of the husband to pay his wife interest on the money which she had loaned to him.

Argued April 23, 1900. Appeal, No. 331, Jan. T., 1899, by Annie V. Cornman, from decree of O. C. Cumberland Co., dismissing exceptions to report of auditor in the estate of Theodore Cornman, deceased. Before GREEN, C. J., MITCHELL, FELL, BROWN and MESTREZAT, JJ. Decree modified.

Exceptions to report of J. M. Weakley, Esq., auditor.

From the auditor's report it appeared that on April 1, 1880, the administratrix and heirs at law of William Railing conveyed to Theodore Cornman a tract of land in Middlesex township containing 130 acres and 80 perches. After Mr. Cornman's death the land was sold, and his widow, the appellant, claimed the proceeds on the ground that she had a resulting trust in the land. The evidence, however, showed that at the time of the purchase of the land, she had lent her husband money and that she stood to him merely in the relation of creditor.

Other facts appear by the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*John Hays*, of *Hays & Hays*, for appellant.—The evidence was sufficient to sustain the trust: Nauman's App., 116 Pa. 505; Light v. Zeller, 144 Pa. 572; Gabler's App., 5 Cent. Repr. 314; Greenawalt v. McEnelley, 85 Pa. 352; Crozer v. New Chester Water Co., 148 Pa. 130.

*E. M. Biddle, Jr.*, with him *J. Webster Henderson* and *Wetzel & Hambleton*, for appellees.—The evidence in support of the trust must be clear, convincing and satisfactory: Fillman v. Divers, 31 Pa. 429; Rupp's App., 100 Pa. 531; Light v. Zeller, 144 Pa. 572; Olinger v. Shultz, 183 Pa. 474; Fidelity Ins. Trust, etc., Co. v. Moore, 194 Pa. 620; Galbraith v. Zimmerman, 100 Pa. 374; Duraind's App., 116 Pa. 93.

OPINION BY MR. JUSTICE BROWN, July 11, 1900:

The claim of Mrs. Cornman, that the Middlesex farm had been purchased for her by her husband, and that there was a trust resulting in her favor from her payment of the purchase money, was not supported by the kind of evidence required. In Olinger v. Shultz, 183 Pa. 469, the present chief justice, citing many cases, says: " The rule of law in this class of cases, as established by numerous decisions of this court, is without any doubt or question. The evidence in support of the trust must be clear, precise, convincing and satisfactory. It is not enough that it satisfies the jury, it must also satisfy the mind and conscience of the court sitting as a chancellor reviewing the testimony, and if it fails in this respect the evidence must be withdrawn from the jury." Measured by this unvarying standard, the evidence offered by the appellant was insufficient. There was no proof that at the time the farm was purchased it was paid for with her money, and that it was her intention to take title in her own name. She simply proved that she had lent money to her husband at the time of the purchase, and her relation to him was only that of an ordinary creditor. The second claim made by her, that her husband had executed a deed to her for the farm, was also properly disregarded, for, in the face of the record evidence that he had the title to it up to

the time of his death, no satisfactory proof was offered by the appellant in support of her contention.

The auditor was clearly right in his conclusion, that the appellant was simply a creditor of her deceased husband, and he allowed her the claims that were satisfactorily proved. That for $700 was properly disallowed, the evidence in support of it having been insufficient. In his first report, interest was allowed on all the claims, but, on exception, that allowed on the $1,374 claim was disallowed by the court. The allowance by the auditor was correct, but not for the reason stated by him, that, as the other obligations given by the husband to the wife were shown to be interest-bearing, the presumption was that this loan also bore interest from the time it was made. To recover interest from her husband for money loaned to him, the wife must prove an agreement or promise that entitles her to it: Hauer's Est., 140 Pa. 420. The obligation of the husband to pay interest cannot be presumed, but his agreement to do so may be inferred from the circumstances attending the loan. But positive proof was relied upon by the appellant that her husband had promised to pay interest. Line, called by her, testified as follows : " I knew Theodore Cornman for twenty-five years. He told me when there was talk about the Carlisle Deposit Bank—he was away at the time—when he returned I told him about it. He said, ' Yes, my wife had some money in the bank.' He did not say how much—he said she foolishly took her money out of the bank, and it was in the Merchants' Bank. He said to me, ' I told her she was not drawing any interest—to give it to me [Theodore Cornman], and I would pay her six per cent for it,' and he, Theodore Cornman, said, ' She gave it to me.' I do not remember what year it was this conversation occurred. It was just after I had received from the state treasurer a check for $10,000. Mr. Cornman did not tell me how much money his wife then gave him." What Cornman said to the witness evidently related to the $1,374 allowed by the auditor, and was an admission by him that he had promised to pay his wife interest on it. This testimony seems to have been ignored by the auditor and the court below, but no reason appears for disregarding it. In the absence of any proof discrediting the witness, it should have been found to be sufficient to prove an agreement on the part of the husband to pay his

wife interest on this money. This seems very clear to us, especially so in view of his promise to pay interest on the other loans, which can be fairly considered in determining the weight to be given to what Line says.

We sustain the fourth assignment of error, so far as it relates to the disallowance of interest on the $1,374, and remit the report of the auditor to the court below, that the proper correction may be made by allowing the appellant interest on the said sum from May 6, 1893. All other assignments of error are overruled and the decree of the court below, except as to the item pointed out, is affirmed, the costs of this appeal to be paid out of the fund.