## McCormick, Appellant, v. Cooke.

*Trust and trustees—Resulting trusts—Married women.*

A trust in land in favor of a married woman against her husband holding the title in his own name cannot be sustained, unless it appears that at the time the land was purchased it was paid for with the wife's money, and also that it was her intention to take title in her own name, or in the name of her husband in trust for herself to the extent of the interest paid for by her separate estate. A bill in equity to enforce such a trust is demurrable if these facts are not averred.

Argued May 14, 1901. Appeal, No. 61, Jan. T., 1900, by plaintiffs, from decree of C. P. Fayette Co., in equity, No. 319, dismissing bill in equity in case of William B. McCormick, Jessie H. Cunningham and W. A. Edmiston, Guardian of William H. Cunningham and Mary S. Cunningham, minor children of Elsie I. Cunningham, deceased, v. William H. Cooke, Edgar D. Turner, Jane D. Turner, Elizabeth Shearer, Esther E. Patterson, Clara H. Cooke and the Cochran Coal Company. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity to declare a trust.

The original bill alleged that at the time of the marriage of Sarah H. McCormick to Henry Cooke in March, 1853, she possessed separate property, to wit: one half of a certain debt for $2,050, with interest, evidenced by a judgment against W. B. Coates; that February 14, 1857, Joseph Wells, administrator of W. B. Coates, deceased, by order of the orphans' court of Fayette county, sold and conveyed by deed of that date to Henry Cooke, for the consideration of $5,350.84, a tract of land situate in Franklin township, containing 155 acres; (Fourth.) "that the said Henry Cooke paid the said purchase money to the said Joseph Wells, administrator as aforesaid, in part by delivering to him a receipt of the said Henry Cooke, as agent for the said Sarah H. Cooke and Clarissa Hazen for said judgment debt and interest thereon, amounting to $2,159.24, one half of which was the separate property and estate of the said Sarah H. Cooke; which receipt was accepted by the said ad-

ministrator as a part of said purchase money, and thereby the said Henry Cooke became the trustee of the said Sarah H. Cooke of an interest in said described lands equal to the proportion which the one half of said judgment with interest bore to the whole of said purchase money, which proportion was $20\frac{19}{100}$ per centum, and said land was held by him subject to said resulting trust to the day of his death, which occurred on the 27th day of October, 1887 ; " that said Sarah H. Cooke died on or about March 21, 1896, leaving to survive her five children, viz : William B. McCormick, Elsie I. Cunningham, David H. Cooke, Esther E. Patterson and Clara H. Cooke, the first and heirs of the second being the complainants herein ; that the said Henry Cooke by his last will devised the surface of the said tract to John A. and David H. Cooke in fee and directed that the coal underlying the same should be sold by his executors and the proceeds divided share and share alike among William H. Cooke, Jane D. Turner, Elizabeth Shearer, Esther E. Patterson and Clarissa H. Cooke; that said coal was never sold by the executors, and by due and legal conveyances from John A. Cooke et ux., et al., the complete fee simple record title to said tract of land vested in the defendants, William H. Cooke, Edgar D. Turner, Jane D. Turner, Esther E. Patterson and Clara H. Cooke, who, by deed dated June 15, 1900, conveyed the nine-foot seam of coal to the Cochran Coal Company. Pursuant to which allegations, the complainants prayed for a decree declaring the said trust in their favor as heirs of the said Sarah H. Cooke, deceased, and that the said defendants account to them for their proportionate share of the purchase money paid by the Cochran Coal Company, and for a like part of the mortgage debt for the balance of the said purchase money, and for a preliminary injunction restraining the defendants from selling, assigning or transferring the said mortgage debt, and for general relief.

To this bill the defendants demurred, whereupon the complainants amended by striking out from the fourth paragraph of said bill (being the one hereinabove quoted) the first thirty words after " Fourth " and inserting in the place and stead of the words so stricken out the following first forty-eight words, so that the said paragraph would read as follows : " That at the inception of the title so acquired by said Henry Cooke to

said real estate, and before the date of the aforesaid deed, the said Henry Cooke paid part of said purchase money to said administrator by delivering to him a receipt of the said Henry Cooke as agent for the said Sarah H. Cooke," etc. And they amended their bill further by inserting at the end of the third paragraph (the substance of which is above set forth as to the date of the conveyance to the said Henry Cooke) and making it a part thereof, as follows: " That the said Henry Cooke and Sarah H., his wife, immediately after the said purchase of the said real estate went into possession thereof and remained in such possession until the day of the death of the said Henry Cooke, in the month of November, 1887, and the said Sarah H. Cooke thereafter remained in possession of said real estate until the day of her death."

To the amended bill the defendants filed a demurrer, alleging as ground therefor, (1) that upon the face of said amended bill the plaintiffs are not entitled to the relief claimed, and (6) that upon the face of the amended bill the plaintiffs are not entitled to the relief asked for, as it does not appear that if Henry Cooke used his wife's money in part payment for said land, he thereby and at that time purchased for her, or intended to purchase for her, or then promised to take title in her name, or expected by her to take title in her name, or in his name, but for her.

UMBEL, J., after stating the facts.

1. To entitle them to the relief prayed for would the complainants be required to show that if Henry Cook used his wife's money, as alleged in the bill, he thereby and at that time purchased for her, or intended to purchase for her, or promised to take title in her name, or was expected by her to take title in her name, or in his name but in trust for her, to the proportion of the land which the one half of the said judgment with interest bore to the whole of said purchase money.

Moyer's Appeal, 14 Atl. Repr. 253, holds, that unless the money with which the property is purchased is at the time of the purchase impressed with a trust that the purchase should be for the person furnishing the money, no resulting trust arises as to the land purchased. In the master's report, concerning which the court says, " It is so clear and well stated both as to facts and law, that we are relieved from the necessity of a further discussion of the matter in controversy," we find, " the

master is of the opinion that if any resulting trust arose in favor of Adam Moyer, Sr., in the premises in controversy, it arose on the 2d of January, 1882, when Adam Moyer, Sr., gave his check to John Moyer, one of the defendants, for the sum of $1,000. . . . . The master holds and so reports that the plaintiff has failed to show that the $1,000 given by him to his son John on the 2d of January, 1882, (though used afterwards in the payment of the balance of the purchase money) was at that time impressed with a trust that John should purchase the property for his father or as his agent by any contract or agreement, verbal. or otherwise."

In Bigley et al. v. Jones, 114 Pa. 510, the lands of the decedent were sold by order of court in proceedings in partition and purchased by the husband of one of the heirs entitled to participate, who paid the purchase money, except such portion as his wife was entitled to receive. This she released to the master, who made a deed to the husband alone; it was held a trust resulted in favor of the wife to the extent of her interest. In discussing which, Mr. Justice CLARK says, "But there is evidence to show that the share of Sarah Bigley," (the wife) "thus reduced to personalty, actually went into the purchase of this land; that it was applied as purchase money at the time of the conveyance; that it.was not advanced as a loan or gift to her husband but as her own; not as a general contribution but the contribution of a specific, definite sum to procure a correspondent interest or aliquot part of the estate. Now, it may be conceded that the alleged agreement" (that prior to the sale the husband and wife agreed that he should buy the property and she would take her share in land and he bid the property in on that understanding) "as a means, per se, of making title in her was of no consequence, but if at the time of the conveyance she paid a part of the purchase money under it for a proportionate interest in the purchase, under the circumstances stated, the trust would naturally result in her favor to the extent of the purchase money thus paid. The agreement is nothing, except as it discloses the intention of the parties at the time. The trust results from the acts and not from the agreement of the parties, or rather perhaps from the acts accompanied by the agreement."

In Crawford v. Thompson, 142 Pa. 551, in a per curiam opinion the court says:

"More must be shown than that his wife's money went into the property. It may have done so, and yet been a mere loan or gift from the wife. To establish a resulting trust which is to overturn a record title of nearly thirty years, it must appear by clear proof that her money went into the property at the inception of the title; that the purchase was made by her or for her account and that the placing of the title in her husband was in violation of an agreement by which the deed was to be made to her."

One of the most carefully considered cases on the question of resulting trusts is that of Light v. Zeller, 144 Pa. 570.

The latest expression we have observed of our Supreme Court on the question under consideration is found in Cornman's Estate, 197 Pa. 125, in which it is held that a trust in land in favor of a "married woman cannot be sustained unless there is proof that at the time the land was purchased it was paid for with her money and also that it was her intention to take title in her own name."

By the amendment to complainant's original bill they practically admit the necessity of averring and showing that the money was paid at the inception of the title. Under the above authorities it is our opinion that it is equally as important that they show that at the time the land was purchased and paid for and title thereto secured that it was the understanding and intention of Sarah H. Cooke to take title in her own name or in the name of her husband in trust for herself to the extent of the interest paid for by her separate estate.

2. There being no allegation in the bill that it was the understanding or intention of Sarah H. Cooke to take title in her own name or in the name of her husband in trust for herself, would the complainants be permitted to offer proofs to establish such fact without such averment in the bill or should that cause of demurrer be sustained?

It is a fundamental principle of equity practice that a bill of complaint shall clearly and fully set forth every cause for equitable relief upon which the defendants are required to answer. Upon failure of the bill to set forth all the causes of complaint evidence cannot be admitted to prove wrongs or injuries not

particularly stated in the bill. No facts are at issue unless charged in the bill, and of course no proofs can be offered to facts not so charged nor can any relief be granted for matters not clearly charged in the bill: 1 Daniell's Chan. Pl. & Pr. *377; Brightly's Equity Jurisprudence, sec. 551; Sloan et al. v. James et al., 7 Del. Co. Rep. 318.

Where material allegations necessary to sustain the relief prayed for have been omitted from the bill, a demurrer will be sustained: Kemble v. Phila., etc., R. R. Co., 140 Pa. 14; Cascaden v. Cascaden, 140 Pa. 140; Ferguson v. Yard, 164 Pa. 586.

Hence we are of the opinion that the bill is fatally defective, and upon the face thereof the complainants are not entitled to the relief claimed.

A decree was entered dismissing the bill.

*Error assigned* was the decree of the court.

*C. C. Dickey*, of *Shiras & Dickey* and *W. G. Guiler*, with them, *R. W. Dawson*, for appellants, cited: Bigley v. Jones, 114 Pa. 510; Heath v. Slocum, 115 Pa. 549; Nichols v. Nichols, 149 Pa. 172.

*George D. Howell*, for appellees, cited: Cox v. Rogers, 77 Pa. 160; Zimmerman v. Lebo, 151 Pa. 345; Spaulding v. Ferguson, 158 Pa. 219; Osmond's Est., 161 Pa. 543; Bush v. Genther, 174 Pa. 154; Ackla v. Ackla, 6 Pa. 228; Follmer's App., 37 Pa. 121; Naple v. Kussart, 53 Pa. 348; Fenstermacher v. Moyer, 35 Pa. 354; Gable v. Daub, 40 Pa. 217; Benedict v. Montgomery, 7 W. & S. 241.

PER CURIAM, May 27, 1901:

The judgment is affirmed on the opinion of the court below.