# Byers, Appellant, *v.* Ferner.

*Trusts and trustees—Resulting trust—Husband and wife—Evidence.*

To establish a resulting trust in favor of a wife in real estate purchased in the name of the husband, it must appear by clear proof that the wife's money went into the property at the inception of the title; that the purchase was made by her, or for her account, and that the placing of title in her husband was in violation of an agreement by which the deed was to be made to her. The intention of the parties may be shown by their actions, their claims or declarations in the presence of each other, and other cotemporary circumstances; and the necessary facts must not only be shown, but must also be averred in the pleadings. The length of time that the title has stood in the husband's name is a circumstance of weight in determining the validity of the challenge to his title.

Argued Oct. 11, 1906.    Appeal, No. 166, Oct. T., 1906, by plaintiff, from judgment of C. P. Westmoreland Co., Aug. T., 1905, No. 422, on verdict for defendant in case of Harry K. Byers et al. v. C. R. Ferner, Executor of the Estate of Jacob Byers, deceased.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Assumpsit to recover purchase money of two-fifths interest in land.    Before DOTY, P. J.

At the trial it appeared that the suit was brought by the heirs of Elizabeth Byers, deceased, against the executor of her deceased husband, Jacob Byers, to recover the purchase money of land, which was alleged to have been bought by Jacob Byers in 1867, with the money of his wife.

The court charged in part as follows :

[As we understand the law and as we said to you a moment ago, it would be necessary for you to find another question ; not simply that Elizabeth Byers had money or an estate in March, 1867, or not simply that she was the source from which the money was obtained, but that it was invested in some way under an understanding or agreement between the husband and wife, or with the intent that the title was to be for her ; that she was paying the purchase money with the intent that the property should enure to her, or that it was done with her knowledge or consent.    It would not do to simply say that because the husband obtained from his wife money and then made an investment of that money, that a trust would arise.    It must be more than that.    It arose, if at all, out of some breach of duty, or out of some violation of an agreement ; some understanding between the parties, because a husband by loan or by gift or in other ways that would not make a trust, might obtain from his wife money or sufficient money to pay the consideration.] [1]

[A legal title is not to be lightly set aside.    It means considerable when one has a paper title, and deed regularly made to him, and anybody who attempts by parol, that is, by what you would understand by verbal testimony or oral testimony, to set aside a solemn deed that appears regular on its face and regularly recorded, it is only fair to hold, as the law does re-

quire, that the burden is upon the party so attempting; and parol trusts, it is our duty to say to you, are not favored in the law. The presumption is in favor of the holder of the legal title. The laboring oar is with the other party, and when they attempt by parol testimony to overturn a title of this kind that has been regularly reduced to writing and recorded upon the records of the court, then they must be prepared to satisfy the jury by clear and satisfactory evidence of every essential element that would go to set aside that deed and to establish an equitable estate in the party so claiming. And this is especially so after the long lapse of years; thirty-eight years this deed stood unattacked; no effort to establish a trust; nobody, so far as the evidence in this case shows, alleged that there was an outstanding title or an equitable estate in Elizabeth Rumbaugh or Byers; and so, after this long lapse of years it is our duty to say to you that a high quality of evidence, clear, convincing and satisfactory, is required to establish a resulting trust against a legal title.] [2]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*Paul H. Gaither*, with him *Cyrus E. Woods*, for appellant.

*C. E. Heller*, with him *James S. Moorhead*, for appellee.

PER CURIAM, January 7, 1907:

The first assignment of error is to the charge of the judge below that to justify a verdict for the plaintiffs it would be necessary for the jury to find " not simply that Elizabeth Byers had money or an estate in March, 1867, or not simply that she was the source from which the money was obtained, but that it was invested in some way under an understanding or agreement between the husband and wife, or with the intent that the title was to be for her; that she was paying the purchase money with the intent that the property should enure to her, or that it was done with her knowlege or consent. It would not do to simply say that because the husband obtained from his wife money and then made an investment of that money

that a trust would arise. It must be more than that. It arose, if at all, out of some breach of duty, or out of some violation of an agreement or some understanding between the parties ; because a husband by loan or by gift or in other ways that would not make a trust, might obtain from his wife money or sufficient money to pay the consideration."

This was a correct statement of the law. The doctrine of resulting trusts is founded on a presumption of the intent of the parties arising from and shown by their acts at the time of the transaction. The principle is thus concisely stated by our late Brother CLARK in Bigley v. Jones, 114 Pa. 510 : " The presumption is, in the absence of all rebutting circumstances, that one who pays the purchase money of land, intends to become the owner of it, although as a matter of convenience or through an arrangement of the parties for collateral purposes the conveyance may be in the name of another." In the application of this principle to cases arising from use by a husband of his wife's money in paying for land taken in his own name it has been expressly held that " more must be shown than that the wife's money went into the property. It may have done so, and yet been a mere loan or gift from the wife. To establish a resulting trust which is to overturn a record title of nearly thirty years, it must appear by clear proof that her money went into the property at the inception of the title ; that the purchase was made by her or for her account, and that the placing of title in her husband was in violation of an agreement by which the deed was to be made to her : " Crawford v. Thompson, 142 Pa. 551 ; Cornman's Estate, 197 Pa. 125. It must be shown " that at the time the land was purchased and paid for and title thereto secured that it was the understanding and intention (of the wife) to take title in her own name or in the name of her husband in trust for herself to the extent of the interest paid for by her separate estate : " Mc-Cormick v. Cooke, 199 Pa. 631. Such understanding or intent may always be shown by the actions of the parties, their claims or declarations in presence of each other, and other cotemporary circumstances. Cases like Bigley v. Jones, 114 Pa. 510, have been ruled on the evidence of such intent. But the necessary facts must not only be shown but must also be averred in the pleadings. In McCormick v. Cooke, 199 Pa.

631, the bill was dismissed on demurrer for failure to set up such essential ground for relief.

The second assignment of error is to the reference by the learned judge in his charge, to the length of time that the title had stood in the husband's name. But long acquiescence in an asserted title, or delay in challenging it, is always a circumstance of weight in determining the validity of the challenge. The cases already cited, particularly Crawford v. Thompson, 142 Pa. 551, sustain the correctness of the charge in the present case.

Judgment affirmed.