## Hare *v.* O'Brien, Appellant.

*Real property—Title to land—Husband and wife—Purchase by husband with wife's money—Resulting trust—Insufficient evidence —Binding instructions.*

Where in an action of ejectment, plaintiff claimed as the holder of the record title acquired at sheriff's sale, and defendants claimed

through a deceased wife of the execution defendant, alleging that he became trustee of the property for her by reason of the fact that it had been purchased with her money, but failed to show that it was bought by the wife or for her account or under any agreement that it was to be deeded to her, judgment for the plaintiff non obstante veredicto was properly entered.

Argued Oct. 1, 1914. Appeal, No. 134, Oct. T., 1914, by defendants, from judgment of C. P. Armstrong Co., June T., 1912, No. 127, for plaintiff n. o. v. in case of Wellington R. Hare, administrator d. b. n. of the estate of Patrick O'Brien, deceased, v. Robert P. O'Brien, Helen O'Brien, Karl O'Brien, Gertrude O'Brien, Etta O'Brien and Robert A. O'Brien. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Ejectment for the recovery of lands in Armstrong County. Before PAINTER, P. J.

The opinion of the Supreme Court states the facts.

Verdict for defendants for the land described in the writ. The court subsequently entered judgment for plaintiff n. o. v. Defendants appealed.

*Error assigned* was the judgment of the court.

*R. L. Ralston,* with him *R. A. McCullough,* for appellant.

*H. L. Golden,* with him *Harry C. Golden,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 2, 1915:

The defendants secured a verdict in an action of ejectment; the court below entered judgment non obstante veredicto in favor of the plaintiffs; hence this appeal.

The plaintiffs claimed as purchasers at a sheriff's sale on a judgment held by them against the defendant, Robert P. O'Brien; this defendant and his present wife,

Etta O'Brien, disclaimed, while the other defendants asserted title to the property in question as heirs of their mother, Alice J. O'Brien, deceased, alleging that title was not, and never had been, vested in the plaintiffs, for the reason that Robert P. O'Brien did not own or have title to the land, either at the date of the entry of the judgment against him, in 1910, or at the time of the sheriff's sale, in 1912; that on December 1, 1903, he deeded the property in question to his former wife, Alice J. O'Brien, and that upon her death, on August 19, 1909, intestate, it descended to her children. Since the consideration named in the deed was but one dollar, the defendants amended their abstract of title by adding, "Proof to be offered that the consideration for the deed of Robert P. O'Brien to Alice J. O'Brien, dated December 1, 1903, consists of the following: Payment of the purchase-money for said lot by Alice J. O'Brien at the time the lot was originally purchased from Mrs. Kate Lowther" (Mrs. Lowther being the common source of title).

The pleadings raised but one issue, namely, was Alice J. O'Brien the owner of the property notwithstanding the fact that title had been taken in the name of her husband? The plaintiffs proved their title as pleaded by documentary evidence, and the defendants, after putting in like evidence, offered Robert P. O'Brien as a witness, who, upon the relevant issue raised by the pleadings, went no further than to testify that, at the time of the purchase of the property, the original consideration of $1,850 was paid, $1,050 in cash by "the money of my wife," and the balance in two promissory notes given by him, running for one and two years, respectively, and that when these notes became due, they were paid by "the money of Mrs. O'Brien." · At most, Robert P. O'Brien's testimony simply showed that his wife's money went into the purchase. He did not say that the property was bought by her, or for her account, or under an agreement or understanding that the deed was to be

made to her; on the contrary, so far as he showed, the money may have been furnished by her to him as a loan, or even as a gift. Taking into consideration that, at the time of the conveyance to Mrs. O'Brien, her husband was indebted to the plaintiffs, that from the date of the conveyance by Mrs. Lowther to him, in 1888, to 1903, the title stood in his name, that the transfer to his wife did not take place until after the death of his father, in November, 1903, when the debt to the plaintiff's accrued, and that the deed from Robert P. O'Brien to Alice J. O'Brien, being a conveyance directly from husband to wife, was void at law and only good in equity, we cannot say the court below erred in holding that the burden was upon the defendants to "establish by sufficient and competent testimony, the fact that this property was, when originally purchased from Mrs. Kate Lowther, the property of Mrs. Alice J. O'Brien," or in ruling as a matter of law that the testimony offered was insufficient to that end.

The statute (Act of May 8, 1901, P. L. 142), provides that in all actions of ejectment "the plaintiff shall file a declaration......with an abstract of the title under which he claims......The defendant shall file an answer in the nature of a special plea......with an abstract of the title by which he claims......nor shall any evidence be received on the trial......of any matter not appearing in the pleadings"; and we do not see that the learned court below erred by confining its attention in determining the present case to the proofs relevant to the issues raised by the pleadings and abstracts of title. We have examined all the evidence offered, however, and feel that the determination reached accords with the law and justice of the cause. While none of the authorities cited to us rules the facts at bar, the opinions in the following cases contain matter more or less illustrative of the principles involved: Stickney v. Borman, 2 Pa. 67; Coats v. Gerlach, 44 Pa. 43; Alexander v. Shalala, 228 Pa. 297; Crawford v. Thompson, 142 Pa. 551; Byers

v. Ferner, 216 Pa. 233; Cornman's Est., 197 Pa. 125; Gilchrist v. Brown, 165 Pa. 275; Bowen v. Haupt, 192 Pa. 406:

The assignment of error is overruled and the judgment is affirmed.