Bisceglia, Appellant, *v.* Bisceglia.

Argued December 5, 1940.   Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Samuel G. Wagner,* of *Wagner & Wagner,* with him *Charles G. Notari,* for appellant.

*Alexander H. Lindsay,* of *Sherriff, Lindsay, Weis & Hutchinson,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, January 6, 1941:

This is a proceeding by a divorced wife against her former husband to have real estate, title to which is in

him, impressed with a resulting trust in her favor as to a half interest therein on the allegation that she paid one-half the purchase price. A reading of the testimony, which is far from clear, leads to the conclusion that plaintiff failed in her proof of the trust, under the requirements of our cases that evidence to establish a resulting trust because of payment of purchase money must be clear, convincing and satisfactory: *Crawford v. Thompson*, 142 Pa. 551, 21 A. 994; *Beringer v. Lutz*, 179 Pa. 1, 37 A. 640; *Cornman's Est.*, 197 Pa. 125, 46 A. 940; *McCormick v. Cooke*, 199 Pa. 631, 49 A. 238; *Kern v. Smith*, 290 Pa. 566, 139 A. 450; *Quinn v. Gormley*, 302 Pa. 360, 153 A. 623. The chancellor found that there was no understanding, agreement or contract between plaintiff and defendant that he was to take title in his name to the properties and hold them or any part thereof in trust for her and further found that she did not contribute any definite sum from her separate estate toward the purchase of them. In *Beringer v. Lutz*, supra, we said (p. 10) : "To establish this trust it was incumbent on [plaintiff] to show by evidence that was clear and satisfactory, first, that she did pay a portion of the purchase money for the farm in controversy, as alleged; second, that it was paid upon an agreement that she was to have the title to the land, or such portion of it as she paid for; and third, that the money so paid belonged to her as her separate estate. . . . The rule . . . is that the trust must be impressed on the title when it passes to the alleged trustee. It cannot be engrafted upon it afterwards. It must result from facts then existing which in equity turn the taker of a title into a trustee. In other words the agreement to advance the purchase money or a portion of it and take title to the land or to so much of it as the money advanced shall pay for must precede or be contemporaneous with the purchase."

As the plaintiff failed to meet the requirements of the law to establish the trust, other questions raised by

her,—that the chancellor went outside of the record and examined the testimony which she had given in the divorce proceeding against her for evidence to affect her credibility,—and that the evidence of children, which was received, was not competent and not entitled to any weight, because of their youth, pass out of consideration.

Decree affirmed at appellant's cost.