Majors, Appellant, *v.* Majors et al.

Argued May 6, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*David Roth,* with him *Frank R. S. Kaplan,* for appellant.

*Theodore A. Tenor,* for appellee.

OPINION BY STADTFELD, J., July 21, 1943:

On June 10, 1942, Automobile Finance Company, the appellee and plaintiff below, entered judgment against Howard E. Majors, the other appellee and defendant below, in the Court of Common Pleas of Allegheny County, Pennsylvania, at No. 408 July Term, 1942, in the sum of $179.17 on a judgment note dated April 10, 1931. Upon this judgment a writ of testatum fi. fa. was issued to the Court of Common Pleas of Beaver County in which court it is docketed at No. 1. September Term, 1942. By virtue of this writ the Sheriff of Beaver County levied upon a certain automobile as the property of Howard E. Majors, the defendant below. Hazel S. Majors, the appellant and wife of the said Howard E. Majors, made claim to the Sheriff that the automobile levied on was her property. Upon this claim being presented the Sheriff presented his petition for an interpleader proceeding and thereupon a rule was granted on all parties involved to show cause why an issue should not be awarded. Answers were filed and the court ordered that the matter be set down for a preliminary hearing to determine whether or not appellant would make out a prima facie case on the framing of an issue. Hearing was duly held before President Judge FRANK E. READER. At the hearing appellant produced the following testimony. That on September 20, 1940, she purchased the automobile in question and turned in on account of the purchase price an old car belonging to her for which she received a credit of $200. The balance was to be paid in twenty-four monthly installments of $31.97 a month, which payments were arranged through Commercial Credit Corporation. All payments were made by checks drawn

by appellant on her own checking account. Title to the car was issued by the Department of Revenue in the name of appellant's husband, Howard E. Majors, and the contract with the Finance Company was likewise made with him. Appellant put title to the car in her husband's name for the reason that she intended to effect a saving by transferring to herself the license plates of a car then owned by the husband and for the further reason that she did not care to be annoyed by installment collectors in the course of her work as a school teacher as had been her previous experience.

The money in the checking account on which the checks for the various payments were drawn was derived from appellant's salary as a school teacher, amounting to $1,000 a year; and the husband's earnings, if any, amounting to $160 in the year 1940 and not more than $300 in the year 1941, were given to her by her husband to pay living expenses. The car was used chiefly by appellant in going to and from work, no gift of the car to the husband having been intended and nothing towards the purchase having been contributed by the husband, excepting so far as his earnings were mingled with hers in her bank account.

No testimony whatever was offered by the appellee Finance Company.

Upon these facts the court below refused to award an issue and ordered that the rule to show cause why an issue should not be awarded, should be discharged at claimant's cost.

In its opinion filed the court admits the facts testified to by appellant but bases its decision on the circumstance that appellant by her own deliberate act had placed herself in a position where she could not recover, if an issue were framed, by putting the title to the automobile in the name of her husband and so depriving herself of the evidence of ownership which Section 201 of the Vehicle Code of 1929 requires as a prerequisite

to recovering possession of an automobile. This appeal is from the aforesaid ruling of the court.

The defendant Howard E. Majors is in lawful possession of the automobile. It is incumbent on the appellant to establish that her ownership is superior to that of the person who holds the legal title, and in whom by her deliberate act according to her own testimony the title was vested. Under the "Vehicle Code" of May 1, 1929, P. L. 905, as amended June 27, 1939, P. L. 1135, an owner is defined as "A person or persons holding the legal title of a vehicle ......" Under the present code, a Pennsylvania resident cannot own an automobile unless certificate of title is obtained, and certificate of title cannot be obtained without assignment and delivery of old certificate of title from seller: *Stonebraker v. Zullinger,* 139 Pa. Superior Ct. 134, 11 A. 2d 698. Under this statute a certificate of title is a necessary incident to ownership of a used automobile: *Commercial Banking Corporation v. Active Loan Co. of Philadelphia,* 135 Pa. Superior Ct. 124, 4 A. 2d 616. If appellant had a legal claim to or encumbrance against the automobile, it was her duty to have it set forth in the certificate of title. There is no evidence in the record to show a compliance by appellant with the provisions of the "Vehicle Code."

Appellant contends that under the facts as shown by the testimony, and under the law applicable thereto, a resulting trust arose with respect to the automobile in favor of appellant and that appellant was the equitable and real owner. In Bogert on "Trusts and Trustees," Vol. 2, Section 456, page 1373, the writer states: "...... The cases seem practically unanimous in denying the claimant a resulting trust if his proof is merely that, after a deed of the premises has been delivered to the grantee, he (the claimant) paid money to the grantor to satisfy the grantee's debt for the price, or paid money to the grantee to assist him in paying the price, and there is no proof that such payment was in pursuance

of an obligation entered into by the claimant at or before the time of the delivery of the deed. If one paying money under such conditions desires an equitable interest in the property as security, or in return for his payment, he must expressly contract for it, and have the trust manifested or proved by a writing satisfying the Statute of Frauds, if the *res* is realty. The law has not gone to the length of implying or inferring such a trust interest in his favor."

In *Gilchrist v. Brown,* 165 Pa. 275, 30 A. 839, the court said at page 283: "It is enough if it be paid as installments or encumbrances fall due, provided such payments are made in pursuance of the contract under which the title was acquired, and upon the agreement that she is to recover the title to so much as she pays for in exchange for her money."

In *McCormick v. Cooke,* 199 Pa. 631, 49 A. 238, the court affirmed a lower court opinion, which states on page 635: "The latest expression we have observed of our Supreme Court on the question under consideration is found in *Cornman's Estate,* 197 Pa. 125, in which it is held that a trust in land in favor of a 'married woman cannot be sustained unless there is proof that at the time the land was purchased it was paid for with her money and also that it was her intention to take title in her own name.'

"By the amendment to complainant's original bill, they practically admit the necessity of averring and showing that the money was paid at the inception of the title. Under the above authorities, it is our opinion that it is equally as important that they show that at the time the land was purchased and paid for, and title thereto secured, that it was the understanding and intention of Sarah H. Cooke to take title in her own name, or in the name of her husband in trust for herself, to the extent of the interest paid for by her separate estate."

While the cases referred to involved the title to realty

the same principle applies as to trusts affecting personalty except that as to realty the agreement under which a resulting trust is claimed under the Statute of Frauds must be in writing: Restatement of Trusts Sec. 440.

A trust as to personal property may be established by parol: *Gritz v. Gritz,* 336 Pa. 161, 7 A. 2d 1; *Rocks v. Sheppard,* 302 Pa. 46, 152 A. 754.

In suits to establish constructive trusts a presumption of right exists in favor of the persons in whom the legal title is lodged: *Metzger v. Metzger,* 338 Pa. 564, 14 A. 2d 285. One asserting parol trust as to personalty has the burden to establish existence of such trust by clear, precise, and indubitable evidence.

In *Kaufman v. Kaufman,* 266 Pa. 270, 109 A. 640, the court said at page 276: "True the trust must result at the time of the purchase, but it does so result where there is then a distinct understanding that the property is bought for the beneficiary and to be paid for with his funds, although such payment may be temporarily deferred or made by installments."

We quote from the opinion of the court below: "We are satisfied that Mrs. Majors, by her own deliberate act, has placed herself in the position where she could not recover if an issue were framed in the instant case. It is true that upon a preliminary hearing such as we have had, it is not the function of the court to determine the merits of the case. However, where it is clearly apparent, as it seems to us to be in this case, that the claimant's title is colorable only, and could not be maintained at a trial, the court is not required to award an issue (*Brook v. Sharpe,* 189 Pa. 44; *Fidelity & Deposit Co. of Maryland v. Harton,* 81 Pa. Superior Ct. 561). We are of the opinion, therefore, that an issue should not be awarded in this case."

We believe that the court below arrived at a correct conclusion.

The assignment of error is overruled and the order of the court below is affirmed. Costs to be paid by appellant.