Majors, Appellant, *v.* Majors et al.

Argued March 21, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*David Roth,* with him *Frank R. S. Kaplan,* for appellant.

*Theodore A. Tenor,* for appellees.

OPINION BY MR. JUSTICE HUGHES, May 22, 1944:

The record in this case discloses that on June 10, 1942, the Automobile Finance Company entered judgment in Allegheny County against the defendant, Howard E. Majors, on a judgment note dated April 10, 1931. On this judgment a testatum fi. fa. was issued to Beaver County and by virtue of this writ the Sheriff of Beaver County levied upon a certain automobile as the property of Howard E. Majors. Hazel S. Majors, the wife of Howard E. Majors, made a claim to the Sheriff that the automobile levied upon was her property, and there-

upon the Sheriff petitioned for an interpleader proceeding, the court granting a rule on plaintiff, defendant, and claimant, to show cause why an issue should not be awarded. After answers were filed to the rule, a hearing was held to determine whether an issue should be awarded.

The facts disclosed that title to the automobile was issued by the Department of Revenue of Pennsylvania to Howard E. Majors. Hazel S. Majors testified that she purchased the automobile on September 20, 1940, and turned in, on account of the purchase price, an old car which had belonged to her and for which she received a credit in the sum of $200.00. The balance of the contract price was to be paid in 24 monthly payments at the rate of $31.97 a month. She stated the reason for putting the title in her husband's name was to enable her to use the license plates which he had on another automobile and which were transferred to the automobile in question. An additional reason assigned by her for putting the title in her husband's name was that while she was the owner of an earlier car, the finance company through which she made payments for it frequently sent representatives to the school where she was teaching, asking for payments, and in this manner embarrassed her in her work. The payment of the balance due on this automobile was arranged through the Commercial Credit Corporation. The contract with this finance company was made by Howard E. Majors, but Mrs. Majors testified she made the monthly payments for rental provided in the contract, using checks drawn by her on a bank account created largely out of her salary as a teacher, although some of the funds in the account was money turned over to her by her husband out of his income. Her testimony disclosed that he gave her practically all of his income; that she paid their living expenses, and whatever balance remained was deposited in the account referred to.

The automobile was chiefly used by Mrs. Majors in going to and from her work as a school teacher. No where in the testimony does there appear an express agreement that Howard E. Majors would hold the title to the automobile in trust for Hazel S. Majors, his wife.

The appellant claims there was sufficient evidence from which to infer a resulting trust in her favor and that the court below should have made the rule for interpleader absolute. The lower court found she "deliberately and intentionally caused the title to be placed in her husband's name" and the money with which she made payments on the car was from the remainder in an account created from her salary as a school teacher and money turned over to her by her husband. After receiving a credit of $200.00 for the automobile, which she used as a down payment, and her direction that title to the latter automobile should be issued to her husband, the fact that she paid the balance of the payments due out of an account raised through the joint funds of both husband and wife and thereby assisted in the payment of the purchase price, there being no proof that such payments were made in pursuance to any obligation entered into by her at or before the time of the delivery of the automobile, there is no sufficient evidence of any arrangement under which a resulting trust in favor of Hazel S. Majors could be supported. In *Byers v. Ferner*, 216 Pa. 233, 65 A. 620, it was stated: " '[The jury must find] not simply that Elizabeth Byers had money or an estate in March, 1867, or not simply that she was the source from which the money was obtained, but that it was invested in some way under an understanding or agreement between the husband and wife, or with the intent that the title was to be for her; that she was paying the purchase money with the intent that the property should enure to her, or that it was done with her knowledge or consent. It would not do to simply say that because the husband obtained from

his wife money and then made an investment of that money, that a trust would arise. It must be more than that. It arose, if at all, out of some breach of duty, or out of some violation of an agreement; some understanding between the parties, because a husband by loan or by gift or in other ways that would not make a trust, might obtain from his wife money or sufficient money to pay the consideration.' This was a correct statement of the law. The doctrine of resulting trusts is founded on a presumption of the intent of the parties arising from and shown by their acts at the time of the transaction." In our case the appellant armed Howard E. Majors with indicia of title under the "Vehicle Code" of May 1, 1929, P. L. 905, Art. II, §201, 75 PS §31, as amended by the Act of June 29, 1937, P. L. 2329, §1, 75 PS §31, which provides, inter alia, as follows: "(a) No person who is a resident of this Commonwealth shall own a motor vehicle, trailer, or semi-trailer, in this Commonwealth unless a certificate of title therefor shall have been obtained as provided in this act." We are aware the primary purpose of the act was not designed to establish the ownership or proprietorship of an automobile, but rather to register the name and address of the person having the right of possession, and to furnish persons dealing with one in possession of an automobile a means of determining whether such possession was prima facie lawful: *Braham & Company v. Steinard-Hannon Motor Co.*, 97 Pa. Superior Ct. 19, 23. But the appellant here has so invested her husband with legal title that now seeking to establish a resulting trust she assumes the burden of doing so by clear, convincing, and satisfactory evidence: *Bisceglia v. Bisceglia*, 340 Pa. 293, 17 A. 2d 182. "The trust must be impressed on the title when it passes to the alleged trustee. It cannot be engrafted upon it afterwards. It must result from facts then existing which in equity turn the taker of a title into a trustee. In other words the agreement . . .

must precede or be contemporaneous with the purchase": *Bisceglia v. Bisceglia,* supra. Here the learned judge of the court below determined there was no sufficient evidence offered to maintain the appellant's title at a trial. While it is not the duty of the court to determine the merits of the case upon a preliminary hearing, where the facts are undisputed and the inferences to be deduced therefrom are clear and unconflicting, the question of title becomes one of law and is to be passed upon by the court: *Lamberton National Bank of Franklin v. Kineston,* 114 Pa. Superior Ct. 365, 174 A. 622. The conclusion arrived at by the court below was correct.

Judgment affirmed.