## Hale, Appellant, v. Sterling.

Argued November 26, 1951. Before DREW, C. J., STERN, STEARNE, LADNER and CHIDSEY, JJ.

reargument refused February 6, 1952.

*Barnie F. Winkelman,* with him *Benj. A. Katz,* for appellant.

*Walter T. Darmopray,* with him *Hardie Scott,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, January 7, 1952:

Plaintiff and defendant are brother and sister. The latter purchased premises 1418, 1420, 1422 and 1424 W. Thompson Street in the City of Philadelphia, two of these properties, Nos. 1420 and 1422, in 1945 for the sum of $6200 of which $4600 was on mortgage, and Nos. 1418 and 1424 in 1946 for the sum of $6850 of which $5000 was on mortgage. The properties were then converted by defendant into apartment buildings. In 1949 a bitter family quarrel ensued between the parties and plaintiff thereupon filed a bill in equity against defendant claiming that he had contributed one half of the purchase moneys for these properties and praying that defendant be declared to hold title as trustee for him to the extent of his resulting interest.

Plaintiff's evidence to sustain his claim was extremely unsatisfactory and the contradictions between his testimony and that offered by defendant were numerous and glaring. The controversy resolved itself therefore into a question of credibility and in that regard the learned chancellor stated that he was favorably impressed by the appearance, demeanor and credibility of defendant and her witnesses, whereas plaintiff's testimony was evasive, weak and of questionable credibility. He found as facts that all negotiations for the purchases of the properties had been made by defendant alone and without any financial assistance from plaintiff; that all the purchase moneys were paid solely by defendant; that there was no agreement between plaintiff and defendant concerning the ownership of the properties; that all mortgage payments on the properties were made by defendant with her own funds, as were also all maintenance expenses, structural alterations, taxes, water rents and other charges; and that plaintiff never had any interest whatever in the premises. Accordingly he dismissed plaintiff's bill and the court en banc dismissed, in turn, all exceptions to his findings of fact, conclusions of law, and decree nisi.

It would serve no useful purpose to rehearse all the evidence offered by each of the parties. We have carefully read the entire record and we agree with the chancellor's appraisal of the nature and ineffectiveness of plaintiff's testimony. He presented no evidence whatever which would establish any payments made by him toward the original purchase of the premises. He did offer in evidence numerous checks which he claimed were payments made thereafter for supplies in the maintenance and operation of the apartments and for repairs to the buildings, but the significance of these checks was challenged on the ground that the notations thereon as to the purpose for which they had been

given were made by plaintiff long after the checks were issued, and defendant claimed that they were given in connection with other properties owned by plaintiff and not with those now in controversy. Moreover, plaintiff and his family had been living rent-free in an apartment in one of the properties which are the present objects of his claim, and he also occupied an office there, and these expenditures made by him for such items as coal, gas, electricity, household equipment, etc. may have been for his own purposes and not contributions to the purchase moneys of the properties. He lays special stress upon a check for $700 which he claimed he gave to defendant for a payment she made on a second mortgage on the premises Nos. 1418 and 1424, but his own notation on this check stated that it was given in connection with the property No. 1420 which had been purchased a year prior to the date of the check (he explains this discrepancy as being an error on his part); moreover it is far from clear whether, if he did turn over this money to defendant, it was intended as his own payment on the mortgage because of his alleged interest in the properties, or whether it was merely an advance to defendant in the nature of a personal loan to be used by her for payment on the mortgage on her own account and not on his.*

The evidence to support a resulting trust must be clear, precise and convincing: *Bisceglia v. Bisceglia,* 340 Pa. 293, 294, 17 A. 2d 182; *Wosche v. Kraning,* 353 Pa. 481, 483, 46 A. 2d 220, 222. Plaintiff's evidence failed to meet this required standard; it was vague and confused throughout.

One of plaintiff's complaints is that, about a year after the trial, after the adjudication had been handed

---

* The apparent wording of his notation on the check would seem to confirm the latter view. It is as follows: "Money advanced K. Sterling towards purchase of 1420 W. Thompson."

340

down, and after the argument before the court en banc on his motion for a new trial, he presented to the court, as additional evidence in the case, certain affidavits, documents and letters which he claimed served as corroboration of the checks he had previously offered in evidence, and the court refused to receive them. This was a matter wholly within the court's discretion, and, since the evidence thus offered was available at the time of the trial, and since it would have been at best merely cumulative, the court was not guilty of an abuse of discretion in refusing this belated attempt to add to the voluminous mass of testimony taken at the trial: *Quinn v. Gormley*, 302 Pa. 360, 364, 153 A. 623, 624.

In its decree dismissing plaintiff's bill the court entered judgment in favor of defendant and against plaintiff in the sum of $1200,—an amount which defendant had testified represented a loan made by her to plaintiff in 1947, and which he had failed to repay. Where the proceeding is for an accounting the defendant, even without a cross-bill, may have a decree in his favor for an amount found due him by plaintiff (*Kelley v. Shay (No. 1)*, 206 Pa. 208, 212, 213, 55 A. 925, 926, 927; *Shingle v. Smyth, Henry & Kirkbride*, 248 Pa. 359, 364, 365, 94 A. 67, 69), but except in such an action relief should not be given in equity to a defendant in regard to a transaction wholly unconnected with the subject-matter of the plaintiff's cause of action. Equity Rule 52 provides that a defendant may, under the heading of "New Matter", aver such additional facts, *having a direct relation to any of the causes of action set forth in the bill*, as he believes will entitle him to affirmative relief against plaintiff, and may pray such relief as he may deem himself entitled to under the pleadings. Here, however, the alleged loan by defendant to plaintiff of $1200 had no relation whatever to the controversy concerning the title to the properties, and therefore the order in the

decree for the entry of judgment in that amount in favor of defendant and against plaintiff must be reversed, without prejudice to defendant to prosecute her claim in respect thereto in a proper proceeding.

As thus modified the decree is affirmed; costs to be paid by appellant.

