# Dollar Savings Fund & Trust Company, Appellant, v. Union Trust Company.

*Trusts and trustees—Parol trust—Evidence—Equity—Findings of fact.*
  A bill in equity to establish a parol trust in stocks of a corporation can only be sustained by clear, explicit and unequivocal proof. The question before the court in such a case is as to the sufficiency of the evidence to satisfy the mind and conscience of the chancellor that a trust existed, and not what a jury might have found from it if licensed to pass upon it.

Argued Oct. 30, 1908. Appeal, No. 199, Oct. T., 1908, by plaintiff, from decree of C. P. No. 2, Allegheny Co.; July T., 1906, No. 82, dismissing bill in equity in case of Dollar Savings Fund & Trust Company, Administrator c. t. a. of the last Will and Testament of T. Lee Clark, deceased, v. Union Trust Company, Assignee of Joseph Hastings. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity to declare a trust. Before SHAFER, J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*Arthur L. Over,* for appellant.

*Samuel McClay,* with him *Reed, Smith, Shaw & Beal,* for appellee.

OPINION BY MR. JUSTICE BROWN, January 4, 1909:
  Our review of the testimony upon which the appellant relies to establish a trust in Joseph Hastings for T. Lee Clark at the time the former executed a deed of assignment for the benefit of creditors has led us to the same conclusion that was reached by the court below. The mainstay of the appellant was the testimony of two of the witnesses called by it—T. B. Trimble and J. B. Cunningham. Nothing testified to by anyone else was the

slightest evidence of a trust, and when the testimony of the two witnesses named is closely scanned, as it must be in an effort to establish a parol trust from it, it is not to be doubted that the learned chancellor correctly concluded that it was not the clear, explicit and unequivocal proof required to sustain the bill: Earnest's Appeal, 106 Pa. 310. The question before the court was as to the sufficiency of the evidence to satisfy the mind and conscience of the chancellor that a trust existed, and not what a jury might have found from it if licensed to pass upon it: Olinger v. Shultz, 183 Pa. 469.

This opinion need not be burdened with the testimony of Trimble and Cunningham in detail. Reference to what the appellant regards as the strongest portions of it in support of the bill will suffice to show its insufficiency. Trimble stated that on November 20, 1905—about a month after the death of Clark— he and Cunningham, the receiver of the Enterprise National Bank of Allegheny, of which Clark had been the cashier, met Hastings at the Duquesne Club, in Pittsburg, and that he there said, in the presence of both of them, that Clark owned a half interest in the stocks of the Pittsburg Vein and Pittsburg Seam Coal Companies, which stood in his name, that he carried the stock in his name, but Clark owned a one-half interest in it; that Clark had paid the one-half of the purchase money, as near as he could tell. Trimble further stated that Hastings had made this declaration to him on three or four other occasions. Cunningham testified that the meeting at the Duquesne Club was for the purpose of devising some plan to help Hastings out of his financial difficulties; that in going over his assets Hastings stated he was interested in certain shares of stock in the Pittsburg Vein Coal Company and the Pittsburg Seam Coal Company and that Clark was jointly interested with him in this stock. The recollection of the witness was that Hastings said Clark had an equal interest. Cunningham further testified that he thought Hastings said that Clark had loaned him jointly out of the bank sufficient money to pay for the entire amount of stock, the witness adding, "Now, which company that was I don't know." While both these witnesses testified to what they believed to be the truth, they do not agree in a most im-

portant matter. Trimble's recollection. is that Hastings said Clark had paid for one-half interest in the stock, as nearly as he could tell. Cunningham's testimony is that he thought Hastings said Clark had loaned him jointly out of the bank sufficient money to pay for the entire amount of stock. This variance in the recollection of the witnesses as to what Hastings said about Clark's paying for half of the stock is in itself suf-ficient to take away from it the requisite quality of certainty as to what was said. The actual proof in the case is that the coal stocks were paid for with moneys borrowed upon obligations signed by Hastings alone and paid by him from time to time. There is nothing in the evidence to show that any part of the money to pay for the stocks was borrowed from the Enterprise National Bank, as Cunningham testified Hastings had stated to him. On the oral argument and in the printed brief counsel for appellant insists that from the testimony of Thomas Rinaker, receiver of the Enterprise National Bank, and called as a wit-ness by the appellee, it conclusively appears that a check, drawn by Joseph Hastings on that bank in part payment of the coal stocks, was paid, not out of the funds of Hastings, but out of the personal account of Clark. Rinaker's testimony does not show this. He merely testified that there was a check for $2,500, signed "Joseph Hastings," which was not charged to his account on the books of the bank, but to the account of T. Lee Clark; that there was a lead pencil mark across the signature of Joseph Hastings and the name "T. Lee Clark" written below it, and that the check was entered "charged against the account of T. Lee Clark." The witness did not say that the check had any connection with the stocks which are the subject of this litigation.

There is no proof that at or before the time Hastings sub-scribed for the stock Clark had paid to him, or agreed to pay, anything towards the purchase of it, and apart from the testi-mony of Trimble that Hastings had stated that Clark had paid one-half of the purchase money, "as near as he could tell," there is no proof that at any time after the stock had been sub-scribed and paid for by Hastings Clark had contributed a dollar towards it. There is no evidence of any agreement between

them, made at any time, that Clark was to be the owner of the half of the stock, and now, after the death of both, when the administrator of Clark's estate seeks to have a trust declared for him, something more is needed than recollections which do not agree in an essential matter as to the declarations of Hastings, made in his embarrassment and utterly inconsistent with the actual proofs in the case.

The assignments of error are all overruled and the decree affirmed at appellant's costs.