# West, Admrx., Appellant, *v.* Young et al.

Argued March 27, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Waldo P. Breeden,* for appellant.

*Arnold M. Replogle,* with him *R. R. Elder,* for appellees.

PER CURIAM, May 6, 1940:

Anna B. West, appellant, as administratrix of the insolvent estate of her deceased husband, Camden W. West, filed a bill in equity to set aside a conveyance of real estate from Col. O. West (brother of appellant's decedent) and Clara West, his wife, two of the appellees, to the other two appellees, E. C. Young and Helen C. Young, husband and wife, and to impress the property in question with a resulting trust in the hands of the first mentioned appellees. Appellant also sought an accounting for the benefit of her decedent's creditors and other interested parties.

Preliminary objections to appellant's amended bill were sustained and the bill was dismissed. On appeal this Court held (West, Admrx. v. Young et al., 332 Pa. 248) that the bill, when the averments therein were taken to be true, made out a prima facie case, reversed the court below, and remitted the record.

Appellant's bill as finally amended averred that the property in dispute had been purchased by her deceased husband and that he took title in the names of Col. O. and Clara E. West for the purpose of defrauding creditors and her marital rights, and further that the Youngs, grantees in the second conveyance, had full knowledge of the alleged defects in the title of their grantors, Col. O. and Clara E. West, and of the alleged conspiracy pursuant to which they acquired title. Each set of appellees filed an answer on the merits, explicitly denying the averments of the bill.

The learned chancellor found a legal insufficiency of evidence to sustain the averments of appellant's bill, and, on the contrary, made findings of facts expressly refuting appellant's averments. He found, inter alia, that the moneys for the real estate in question were furnished by Col. O. West, and that Camden W. West acted merely as agent for his brother in its acquisition, development and management. These findings of fact are based upon an abundance of competent evidence produced by ap-

pellees, including judicial admissions of record, by appellant's decedent, that the property in question was purchased with moneys of Col. O. West and that he and his wife were the fee simple owners thereof.

The question in cases like the present is not what a jury might have found if allowed to pass upon the evidence, but as to its sufficiency to satisfy the mind and conscience of the chancellor that a trust existed: *Dollar Saving Fund Co. v. Union Trust Co.*, 223 Pa. 286, 287; *Olinger v. Shultz*, 183 Pa. 469, 475. "The presumption in favor of the titleholder is a strong one and cannot be overcome except by clear, satisfactory evidence to the contrary; it should not be subjected to the peril of attack by evidence of any other character. Every element essential to the existence or creation of a resulting trust in a given case must be made to appear by evidence that is clear, explicit and unequivocal": *Kern v. Smith*, 290 Pa. 566, 571. See also *Earnest's Appeal*, 106 Pa. 310, 318.

After a careful review of the record we are satisfied that the court below was correct in its conclusion that the evidence in the present case falls short of the standard required to sustain appellant's bill.

Decree affirmed at appellant's cost.