## Arndt, Appellant, *v.* Matz

42

Argued April 14, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Robert Grey Bushong,* for appellant.

*James F. Marx,* with him *M. Bernard Hoffman,* for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, May 22, 1950:
Wilson I. Arndt, plaintiff, seeks by this bill in equity to have a resulting trust established in certain real estate title to which is in the name of Gertrude R. Matz, defendant, and further seeks to compel defendant to convey that property to plaintiff. After hearing testimony and arguments, the learned court below entered a decree dismissing the bill and plaintiff now appeals.

In January, 1945, plaintiff was negotiating for the purchase of 1057-59 North Ninth Street in the City of Reading, which premises he was then occupying as a tenant. Lacking sufficient ready cash to complete the transaction plaintiff approached John W. Matz, defendant's husband, and asked him to purchase the property and hold it for plaintiff until he could obtain suffi-

cient funds to pay Matz the amount of the consideration plus any expenses incurred by Matz. Matz orally agreed and on February 23, 1945, took title in his own and his wife's names as tenants by the entireties, paying $4500 in cash and giving a mortgage for $5000 to one Clara L. Donnini. On July 11, 1945, plaintiff told Matz that he was ready to take over the property, but on July 18, 1945, before anything was done in that connection, Matz died. On his death title passed automatically to defendant who had no knowledge of any such agreement between her husband and plaintiff.

In addition to the above facts, the learned chancellor also found that there was no evidence that the transaction between Matz and plaintiff created a debt, that there was no fiduciary relationship between them, and that there was no fraud alleged or proved. From those facts the chancellor concluded that no resulting trust existed and that the oral agreement between Matz and plaintiff was unenforceable because of the Statute of Frauds.[1]

Plaintiff's claim for a resulting trust is based solely on the contention that Matz loaned the money to plaintiff and took title only as security.

A resulting trust arises where the trustee purchases property with his own money if in fact that money is advanced as a loan to the cestui que trust: *Gates v. Keichline,* 282 Pa. 584, 128 A. 490; *Jennings v. Everett,* 161 Pa. Superior Ct. 443, 55 A. 2d 569. On the other hand, if the agreement is nothing more than an oral contract for the sale of real estate it is unenforceable unless there are additional circumstances present to take it out of the operation of the Statute of Frauds: *Moyer v. Moyer,* 356 Pa. 184, 51 A. 2d 708; *Brotman v. Brotman,* 353 Pa. 570, 46 A. 2d 175; *Sneiderman v. Kahn,* 350 Pa.

---

[1] Act of April 22, 1856, P. L. 532, §4.

496, 39 A. 2d 608; *Payne's Adm'r. v. Patterson's Adm'rs,* 77 Pa. 134.

To establish a resulting trust in real estate against the holder of the legal title, plaintiff must produce evidence that is clear, precise, and indubitable: *Wosche v. Kraning,* 353 Pa. 481, 46 A. 2d 220; *West v. Young,* 338 Pa. 298, 13 A. 2d 39. Although all of the evidence presented in this case was introduced by plaintiff, it is insufficient to meet the burden thus imposed.

Prior to the conveyance of the property to Matz, plaintiff was in possession of the premises as a tenant. After Matz took title, plaintiff continued in that status, paying the same rent to Matz that he had paid to the former owner and in November of 1945 entered into a new lease with Mrs. Matz on the same terms. The payments made under those leases were not treated as interest or reduction of the debt. They were made solely as rent for the use of the property. Furthermore, when the down money of $950 was needed Matz did not have sufficient funds on hand and plaintiff advanced $500 to him. That amount was not credited to plaintiff on the purported loan but was repaid to him in full by Matz. Those facts, to all of which plaintiff himself testified, are certainly contradictory to his contention that the transaction constituted a loan with title placed in Matz as security. They lead inevitably to the conclusion that Matz purchased the property as his own with the understanding that if at some future time plaintiff wished to buy it, he, Matz, would sell it to him at cost. That conclusion is further buttressed by the fact that plaintiff had an equity in other real estate totalling $7500 but did not wish to borrow against those properties. If he did not wish to encumber those properties with an additional loan, it would be illogical to conclude that he wanted to encumber the property here in question by placing title in the name of another.

The agreement between Matz and plaintiff, being nothing more than a parol contract for the sale of real estate, falls within the ban of the Statute of Frauds in the absence of a showing that possession was taken in pursuance of that contract, that the change of possession was notorious, exclusive and continuous, and that there was performance on the part of the vendee which could not be adequately compensated in damages: *Moyer v. Moyer,* supra; *Hart v. Carroll,* 85 Pa. 508. Here the possession of plaintiff was at all times that of a tenant and he cannot, therefore, obtain title by virtue of the oral agreement.

Plaintiff completely failed to prove any agreement enforceable by a court of equity. In the absence of such proof his bill was properly dismissed.

Decree affirmed. Costs to be paid by plaintiff.