Hyman, Appellant, *v.* Bolling.

Argued November 15, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Arthur C. Thomas,* for appellant.

*John Edward Sheridan,* for appellee.

OPINION PER CURIAM, January 3, 1955:

Plaintiff filed a bill in equity alleging that although defendant took title, by purchase from the owner, to premises 110 North 49th Street, Philadelphia, she paid no portion of the purchase money, all of which was contributed by plaintiff. He further alleged that defendant agreed to hold the title in trust for him and to convey it to him upon demand but has refused to make such conveyance. He therefore sought a decree declaring defendant a constructive trustee for himself as the real owner.

It is, of course, true that where a transfer of property is made to one person and the purchase money is paid by another the payment of the purchase money, without more, raises a resulting trust in favor of the one making such payment, entitling him to have the property transferred to him on demand: *Purman v. Johnston,* 343 Pa. 645, 22 A. 2d 722. But the evidence to establish such a resulting trust must be clear, precise and convincing: *Bisceglia v. Bisceglia,* 340 Pa. 293, 17 A. 2d 182; *Wosche v. Kraning,* 353 Pa. 481, 46 A. 2d 220; *Geyer v. Thomas,* 364 Pa. 242, 72 A. 2d 89; *Arndt v. Matz,* 365 Pa. 41, 73 A. 2d 392; *Hale v. Sterling,* 369 Pa. 336, 85 A. 2d 849.

The chancellor found as facts that defendant executed the agreement to purchase the premises from the owner thereof; that she took title to the premises; that she paid the $200 down payment and the $2,242.82 necessary to complete the settlement out of her own funds

and out of funds loaned to her by her parents, the remainder of the consideration of $9,500 being financed through a building and loan association mortgage and a purchase money mortgage to the vendor; that plaintiff paid no portion of the purchase money; that defendant did not promise or agree to hold title in trust for plaintiff and to convey title to him upon demand. These findings, affirmed by the court en banc, were based upon the chancellor's well-justified conclusion that, far from meeting the prescribed standard of evidence, plaintiff's testimony was vague, evasive, contradictory and unconvincing, whereas defendant's testimony was straight-forward, credible, and corroborated in all important details by the other witnesses. Accordingly the court dismissed plaintiff's bill.

The decree is affirmed, plaintiff to pay the costs.