## Segall Estate (No. 1)

Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

*Edward E. Dicker*, for exceptants.

*C. Leo Sutton*, *William J. Henrich, Jr.*, and *Dilworth, Paxson, Kalish, Kohn & Dilks*, contra.

### Opinion Sur Exceptions

BOLGER, J., December 2, 1960.—The exceptions relate to the dismissal by the hearing judge of the petition to rescind a Deed of Trust and to declare a resulting trust in favor of petitioner to the extent of her share in the trust, a one-fourth interest, and to the rulings of the auditing judge on objections to testimony.

We find no error in the record in support of any of these exceptions. The hearing judge's findings of fact contain no manifest error or clear mistake and since they are like the findings of a jury, we cannot disturb them. The hearing judge heard the witnesses and it was for him to determine petitioner's credibility and the weight to be given her testimony: Harbison Estate, 365 Pa. 468, and Obici et al v. Third National Bank and Trust Company of Scranton, 381 Pa. 184. The

hearing judge was not compelled to accept as verity petitioner's uncontradicted testimony (Archer Estate, 363 Pa. 534); petitioner's husband, who was a party to the transaction, is now dead.

Exceptant's counsel misconceives the issue when he states in his brief that the question is "Did the petitioner, Nancy Segall Brown, on January 5, 1945, sign an agreement giving away her property knowing she was doing so and intending to do so?" From this false premise he concludes that a gratuity having been bestowed by the petitioner, a resulting trust inured for her benefit, citing the Evidence Act of June 4, 1901, P. L. 425, 21 PS §602; Scott on Trusts, Second Ed., §§440, 454 and 458; Hyman v. Bolling, 380 Pa. 111; Arndt v. Matz, 365 Pa. 41. This transaction cannot conceivably be characterized so simply even though it were regarded in the light most favorable to petitioner. Her testimony does not meet the heavy burden that was placed upon her to establish a resulting trust. In Arndt v. Matz, supra, the type of evidence necessary to support such a trust involving the real estate as here was held to be "clear, precise and indubitable". In Hyman v. Bolling, supra, the court characterized the standard of evidence required to establish a trust as being clear, precise and convincing. In the Hyman case the appellate court sustained a finding which is essentially the same as that found by the hearing judge in the instant case, viz., that plaintiff's (petitioner's) testimony was vague, evasive, contradictory and unconvincing. We are all satisfied that such characterization of petitioner's testimony is supported by the record. It appears strange to us, and it was no doubt persuasive to the hearing judge, that petitioner in her testimony appeared to know so much about the agreement that she did not actually know more than she admitted. This is no doubt due to lapse of time and a

change in her motivation since her husband's death and her remarriage. The agreement when entered into was a natural one. The fact that petitioner now regrets her act cannot in any way affect the binding effect of her act. Even though the transaction be characterized as a gift, nevertheless, based upon the findings of the hearing judge, it has the two essential elements of a completed gift, intention and delivery: Brightbill v. Boeshore, 385 Pa. 69.

However, we conclude that the agreement entered into by the parties was a mutually binding contract, entirely free from fraud, accident or mistake. This is clear from the inferences and conclusions to be fairly drawn from the record. This was a family transaction, favored by the law (Fry v. Stetson, 370 Pa. 132; Brereton Estate, 388 Pa. 206), in which the funds, although contributed in the names of the individual parties, were all supplied by Charles E. Segall, husband of petitioner and father of the other two parties. It is clear to us that the contract benefitted all of the parties, some more than others, petitioner being entitled to receive under it one fourth of the income until the death of Charles E. Segall, and thereafter one third of the income. She admits receiving such income continuously up to this time. It is our opinion that petitioner was not a free agent to do as she wished with the funds supplied in her name by her husband, but on the contrary she was obligated to apply them to the corpus of the trust, otherwise her husband would not have furnished them in the first instance.

Assuming that petitioner's contribution to the fund was her money, it is clear from her receipt of income that there was consideration moving to her, the inadequacy of which is not relevant (Hillcrest Foundation v. McFeaters et al., 332 Pa. 497), and a quid pro quo in her favor lies in the contributions of her hus-

band, Katharine S. Sablosky and Louis C. Segall, three other parties to the agreement a detriment to them: Hillcrest Foundation v. McFeaters, supra; Fried v. Fisher, 328 Pa. 497.

The transaction having been found to be a contract, petitioner cannot now be heard to complain that she was not acquainted with the contents of the deed or of the accompanying papers nor that she did not understand the meaning of the words used in the instrument she signed (First National Bank and Trust Company of Bethlehem v. Shaffer, 338 Pa. 244), nor is her failure to read the instrument an availing excuse or defense and cannot, therefore, justify an avoidance, modification or nullification of the contract or any provision of it: T. W. Phillips Gas & Oil Company v. Kline, 368 Pa. 516. This is especially true since her husband, the prime mover in the transaction, is now dead.

As to the exceptions relating to the admission and rejection of testimony, while some of them might have technical merit when taken out of the context of all of the testimony, nevertheless, when viewed in the light of the entire record they can be at most regarded as harmless error and must, therefore, be dismissed: Commonwealth Trust Company of Pittsburgh v. Hachmeister Lind Company et al., 320 Pa. 233; Grantham v. Goetz, 401 Pa. 349, 356. In Taylor v. Commonwealth, 109 Pa. 262, it was held that if there were any valid objection to the admission of a particular question, it related merely to the order of time when it was asked and that in view of the witness's subsequent testimony, its admission was not ground for reversal. There are three important factors supporting this conclusion: (1) This is not a jury case; (2) all evidence excluded by particular exceptions appears elsewhere in the testimony; (3) such evidence as was

admitted over objection was relevant, if not at the time, by reason of later developments at the trial.

The auditing judge very patiently permitted both parties great latitude as he was required to do because of the obscure and at times contradictory position assumed by petitioner. Her testimony as stated was vague and evasive and her credibility was, therefore, a major element in the determination of the facts. Full opportunity for a cross examination of her, therefore, was required in the interest of ascertaining the truth.

Counsel for respondents in their brief advert to their objection at trial to the competency of petitioner as a witness, under the Act of May 23, 1887, P. L. 158, and presently present the objection, citing Megargee's Estate, 10 D. & C. 595. The auditing judge reserved his ruling on the objection stating he would pass upon it later. He failed to do so. In our opinion the objection should have been sustained. In Gumbes Estate, 172 Pa. Superior Ct. 59, it was held that there are three conditions imposed by the terms of the so-called "dead man's rule"; (1) a party "to a thing or contract in action" must be dead; (2) "his right there to or therein" must have "passed . . . to a party on the record who represents his interest in the subject in controversy"; (3) the witness must be "any surviving or remaining party to such thing or contract, or any other person whose interests shall be adverse to the said right of such deceased . . . party." All these conditions are fulfilled here.

We find no error in the conclusion of the hearing judge that there was no fraud, accident or mistake involved in petitioner's participation in the agreement in question.

For these reasons all of the exceptions are dismissed and the decree of the hearing judge dismissing the petition must be sustained.