356 A.2d 788

**George H. and Dorothy J. NIRMAIER, Appellants,**

v.

**Keith L. and Jean A. HAMILTON, Appellees.**

Supreme Court of Pennsylvania.

Argued June 23, 1975.

Decided May 12, 1976.

Edith Benson, Legal Services for Northwestern Pa., Meadville, for appellants.

Douglas W. Ferguson, Meadville, for appellees.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellants, George H. Nirmaier and Dorothy J. Nirmaier, filed a complaint in equity seeking to enforce an oral agreement with the appellees, Keith L. Hamilton and Jean A. Hamilton concerning a sixty-three acre farm on which appellants lived. The trial court denied relief and this appeal followed.

Appellees offered no testimony at trial. Based upon the testimony of appellant George H. Nirmaier, the trial court found the following. Appellants had purchased the farm which is the subject of the controversy in 1969, and have lived there continuously since that time. In 1971, appellants were financially distressed and faced a mort-

gage foreclosure on their farm. A day or two before the scheduled sheriff's sale, the appellants approached the appellees for assistance and appellees agreed to "bail . . . out" the appellants until the appellants "got on their financial feet again." The parties agreed that the appellees would secure a mortgage loan of $12,500.00 for the purchase of the farm. The appellants agreed to pay all closing costs, taxes, and attorney's fees connected with the purchase. The appellants also agreed to pay all taxes, insurance, and repairs on the property and to pay the appellees $168.00 per month to cover the necessary mortgage payments. It was further agreed that when the appellants were financially able, they would assume the mortgage in their own name and, at that time, appellees would deed the property to the appellants.

Pursuant to the agreement of the parties, appellees purchased the property six days after the sheriff's sale from a third party who had purchased the property at the sheriff's sale. The appellees obtained the $12,500.00 mortgage in their name and appellants, as agreed paid all closing costs, taxes, and attorney's fees. Since that time appellants have paid the $168.00 monthly payment to the appellees and have also paid for the taxes, insurance, and repairs on the property.

In 1974, the appellees notified appellants that they had to move because the property had been sold. In fact, the property had not been sold but it had been listed for sale by the appellees with a real estate broker. Upon learning these facts, appellants filed this complaint in equity seeking to enforce the oral agreement between the parties.

The trial court denied relief concluding that the oral agreement was unenforceable because of the statute of frauds, Act of March 21, 1 Sm.L. 389, § 1, 33 P.S. § 1 (1967). Appellants contend that the oral agreement is enforceable in equity. They argue that the appellees "served as a conduit," only, and "never wanted, expected,

or contracted to own the property." Essentially, appellants argue that a trust relationship was established. We agree.

It is well established that when a person pays the purchase price for a conveyance made to himself as a loan to another, there exists a resulting trust in favor of the person to whom the loan was made. *Arndt v. Matz*, 365 Pa. 41, 73 A.2d 392 (1950); *Gates v. Keichline*, 282 Pa. 584, 128 A. 490 (1925); *see* V *Scott on Trusts*, § *448* (3rd Ed. 1967).

In *Gates v. Keichline, supra,* which involved a situation similar to the one before us, we said:

"While the law contemplates payment of the purchase money by the beneficiary at the time of the creation of the trust, yet the funds may be advanced by another on his account (*Kauffman v. Kauffman*, 266 Pa. 270, 276, 109 A. 640), and this other may be the trustee himself where, as in the present case, the payment is made under an arrangement which contemplates the refunding of the amount advanced, in a subsequent accounting between the trustee and his cestui que trust; particularly is this true if, as here, the person in whose name title is taken acts at the time as agent for the claimant; *Cook v. Cook*, 69 Pa. 443, 447, 448; *Schrager v. Cool,* 221 Pa. 622, 625, 70 A. 889. There are cases in which the trustee agreed at the time of acquiring title that the one for whom he was told should refund the purchase money to him in installments, and the trust was sustained; *Gilchrist v. Brown,* 165 Pa. 275, 283, 30 A. 839; *Kauffman v. Kauffman,* 266 Pa. 270, 275, 276, 109 A. 640."

*Id.* at 592, 128 A. at 492.

*See also Arndt v. Matz,* 365 Pa. 41, 73 A.2d 392 (1950).

The circumstances before us clearly indicate that the oral agreement between the parties was one in which the appellees were to acquire title for the benefit of the ap-

pellants, and to hold title only until the appellants repaid the purchase price. The appellants have been living on the farm continuously since 1969 when they bought the property. Appellants approached the appellees to gain their assistance in keeping the property prior to the sale of the property at the sheriff's sale. Appellants paid the closing costs and the appraiser's fee when the land was sold to the appellees. The appellants have paid the taxes and insurance on the property since it was purchased by the appellees. Appellants have been making the mortgage payments to the appellees since the sale.

 We can only conclude from the facts before us that a resulting trust was created whereby title to the farm was to remain in the appellees only until the appellants repaid the purchase price to the appellees or were in a financial position to assume the mortgage in their own name. Oral agreements creating trust relationships involving real property are enforceable. *Arndt v. Matz*, 365 Pa. 41, 73 A.2d 392 (1950); *Gates v. Keichline*, 282 Pa. 584, 128 A. 490 (1925).

The trial court also erred in its determination that the agreement was indefinite because it does not contain a time of performance. The time of performance is clearly a maximum period of ten years during which time the mortgage is to be paid in full.

The trial court erroneously denied relief to the appellants. The appellants were entitled to a decree declaring that the appellees held title to the property in trust for the appellants pursuant to the terms of the oral agreement between the parties.

The decree of the trial court is vacated and the matter remanded with instructions that an appropriate decree be entered in accordance with this opinion.