## Mermon v. Mermon

*William H. Mitman, Jr.,* for plaintiff.
*Richard W. Cleckner,* for defendant.

SHEELY, *J.,* April 18, 1978—Following a divorce decree entered May 5, 1977, plaintiff, Anne S. Mermon, on August 25, 1977, filed a complaint in equity seeking a partition of certain real and personal property held by herself and James Mermon, her former husband, as tenants by the entireties,

pursuant to the Act of May 10, 1927, P.L. 884, sec. 1, as amended by the Act of May 17, 1949, P.L. 1394, sec. 1, 68 P.S. §501. Defendant, James M. Mermon, has filed preliminary objections to the complaint alleging first that plaintiff is not the real party in interest, and second that a prior action involving the same subject matter is presently pending.

The property in question includes a house and land located at 145 Winfield Drive, Camp Hill, and personal property and furnishings currently located therein. Plaintiff has alleged that the value of the real property is approximately $87,000 and that of the personal property is approximately $20,000.

The pending prior action involves a suit by the parents of James Mermon, to no. 12, June Term, 1974, Civil Action-Equity. In that case the parents alleged that they had provided the money for James and Anne to purchase the above described home and furnishings, and in said action plaintiffs sought to have their son and his wife declared trustees for them. The issue at that time was whether the money was a loan to both of them, a loan to James, or a gift, and whether the real estate that was titled in James' and Anne's names, jointly, should be impressed with a resulting trust, a constructive trust or an equitable lien for the amount advanced by the parents. President Judge Eppinger, specially presiding, denied the relief sought by the parents and the case is presently before the Superior Court on appeal.

Turning then to the preliminary objections, defendant requests that plaintiff's complaint be stricken because the action has not been brought in the name of the real party in interest in violation of Pa.R.C.P. 2002. Section (b) of Rule 2002 states that

"[a] plaintiff may sue in his own name without joining as plaintiff or use-plaintiff any person beneficially interested when such plaintiff (1) is acting in a fiduciary or representative capacity, which capacity is disclosed in the caption and in the plaintiff's initial pleading. . . ." While this disclosure has not been made here, the defect, if indeed there is one, can be cured by amendment at any time by leave of the court: Pa.R.C.P. 1033; Howard v. Ronnie Products, Inc., 84 D. & C. 588 (1953). Nevertheless, for the reasons stated below, we see no need to consider this until the present appeal has been finalized.

Defendant's second objection is based on the pendency of a prior action pursuant to Pa.R.C.P. 1017(b)(5), namely the appeal presently before the Superior Court, and therefore, he seeks dismissal of the complaint. "A pending action will result in the suspension or abatement of a subsequent action if a final judgment therein could be pleaded as a bar to the subsequent action." Shenberger v. Western Maryland Ry., 77 D. & C. 492 (1951). While plaintiff has cited cases requiring that the parties, the causes of action and the relief be substantially the same in both actions, e.g., Karp v. Sun Insurance Office, Ltd. (No. 2), 83 D. & C. 566 (1952), a comparison of the relief sought in both of the actions before us clearly indicates that the second case must be stayed pending the outcome of the appeal.

The parents, in the first action, sought either a constructive trust, a resulting trust, or an equitable lien. The law is clear that resulting trust or constructive trust relief entitles plaintiff to have the property transferred to him on demand. See Chambers v. Chambers, 406 Pa. 50, 176 A. 2d 673 (1962); Hyman v. Bolling, 380 Pa. 111, 110 A. 2d 236

(1955); Purman v. Johnston, 343 Pa. 645, 22 A. 2d 722 (1941). The parents did demand a conveyance of the property in their original complaint. Were this court to allow Anne to proceed with the action for partition of the property, i.e., a sale and distribution of the proceeds, a reversal on appeal would limit their remedies since there would be no property remaining to be conveyed to them. The consideration to maintain the status quo plus the uniqueness of any real property and the increasing value of such an asset leads us to conclude that the present complaint must be stayed pending final resolution of the original action by the parents.

We might note in passing that the attorneys for both Anne and James had originally agreed to stipulate that the partitioning would follow according to the decision of the Superior Court. Thereafter, the stipulation fell through because defendant sought to provide for the partition action after "final" disposition of the case. Plaintiff sought to limit the stipulation to the Superior Court decision. In any event, the attempted stipulation indicates to us that the parties themselves are well aware of the dispositive nature of the presently pending appeal.

As previously indicated, in consideration of the pending appeal, the real party in interest objection as well is indeterminable and unnecessary for us to decide.

Therefore, for the reasons stated in this opinion, the complaint will be stayed pending final disposition of the original suit by the parents now pending on appeal.

## ORDER

And now, April 18, 1978, for the reasons included in the opinion filed this date, it is ordered and di-

rected that the complaint of Anne S. Mermon against her former husband James M. Mermon for a partition of real and personal property be stayed pending final resolution of the prior action of Mermon v. Mermon, no. 12, June Term, 1974, Civil Action-Equity, as the prior action directly involves the disposition of the property herein sought to be partitioned by plaintiff.