## Davis et al. v. Groner et al.

310

*Robert M. Dale* and *Owlett, Cox, Wilcox & Owlett,* for plaintiffs.

*John I. Christ* and *R. T. Mutzabaugh,* for defendants.

WELLS, P. J., Specially Presiding, August 17, 1955. —This matter is before this court upon the motions of defendants, Ambrose A. Groner for a new trial, and Elizabeth Dent for a new trial and judgment non obstante veredicto.

In this action for trespass the jury awarded a verdict in favor of plaintiffs against both of defendants. The damages for which these verdicts were awarded resulted from an automobile accident which took place on August 21, 1951, on U. S. Highway No. 15, north of Mansfield in Tioga County. Elizabeth Dent was operating a Hudson sedan southerly on the highway and Ambrose A. Groner was operating his Nash sedan in a northerly direction. Leslie P. Davis occupied the right side of the front seat and Luella Davis occupied the left side of the rear seat of the Groner car, both as invited guests of defendant, Ambrose A. Groner. The 18-foot highway was dry, weather clear and visibility good. There was a curve to the east and near the center of the curve the elevation of the highway was higher than that to the north and south of the curve.

The unobstructed view of the curve along the approach from the north was 600 to 700 feet. The cars collided northeast of the curve and the Nash then collided with a culvert adjacent to the easterly berm and 465 feet northeast of the center of the curve. The Hudson proceeded southerly to the berm, where it came to rest. Plaintiffs suffered severe physical injuries as a result of the crash.

At the time of argument on the motions, counsel for Elizabeth Dent decided not to press their motion for a new trial so that need not be considered further.

In support of defendant Groner's motion for a new trial, he avers that the court was in error in affirming defendant Dent's points 4 and 5. We believe that under the facts the instructions were proper but in view of the finding of liability on the part of defendant Dent, thus making her jointly liable with Groner, the question is academic and defendant Groner was not harmed thereby in any regard.

This leaves us with the consideration of Mrs. Dent's motion for judgment n. o. v.

In considering defendant's motion for judgment n. o. v. we are governed by the well established rule that plaintiff must be given the benefit of every fact and inference of fact pertaining to the issue involved which may reasonably be deduced from the evidence: Geyer v. Thomas, 364 Pa. 242; Guilinge v. Penna. R. R. Co., 304 Pa. 140.

In support of her application, defendant Dent argues that there was no showing from which negligence on her part may properly be found. That she was on her lawful side of the highway and that the Groner car struck her's on her side of the highway and that she had no proper means of avoiding the collision. That according to her testimony she first saw the car when 90 to 100 feet away and had no chance to avoid it.

In reply, plaintiffs argue that there was an unobstructed view 600-700 feet north from the crest of the curve, that the distance from this point to the culvert is 465 feet, that the length of the skid marks of the Nash were 150 feet, so the Groner car was at least 315 feet from the crest at the point of impact. It is a well settled rule that one cannot be excused for failing to see what one should and could have seen. Mrs. Dent testified that the Nash car came around the curve at the top of the grade on her side of the road so she must have observed it at least 315 feet away for it traveled that distance to the point of impact. Taking into consideration her declared speed of 50 miles per hour it would appear defendant Dent observed the approaching car considerably over 315 feet. The testimony of the officer who interrogated Mrs. Dent after the accident was to the effect that she told him she observed the Nash car coming around the curve on its wrong side of the highway, that she thought the operator could get back on his own side of the highway, that when he got within a distance of approximately 100 feet she saw the operator failed to get back onto his or her own side of the highway and they collided, that just before they collided she swerved to the right, that she didn't change her course before that time as she thought the other driver would get back on his own side of the highway. It is further in evidence that Mrs. Dent did not apply her brakes until after the impact. The jury was presented with the facts that though the car was approaching her on her own side of the road, she gave no signal, did not slacken her speed or change her course in her belief that the approaching driver would get back on his side.

In Sudol et ux. v. Gorga, 346 Pa. 463, 466, the Supreme Court, speaking through Mr. Justice Maxey, said of the driver:

". . . it was his duty in the interest of the safety of his passengers to slacken his speed substantially or possibly to stop. When he saw that the driver of the oncoming truck was driving carelessly, he could not with prudence assume that this carelessness was but a momentary aberration and that this driver would make a timely return to proper driving."

We believe this reasoning applies to the instant case. See also Arble v. Murray, 359 Pa. 12.

The jury were further given the instructions requested by defendant Dent and objected to by plaintiffs and defendant Groner covering the point of a finding of insufficient time to pull off on the berm so as to avoid a collision and whether or not she was presented with an emergency. Thus, defendant Dent had the matter brought to the jury's consideration and their findings were adverse to defendant Dent.

We believe the instant case was one in which the issues were of facts which were properly passed on by a jury and that the verdicts so awarded by the jury should not be disturbed and, therefore, direct the following order to be entered

And now, August 17, 1955, the motion of defendant Elizabeth Dent for judgment in her favor, non obstante veredicto, is refused and overruled, her motion for a new trial having been withdrawn, and the motion of defendant Ambrose A. Groner for a new trial is overruled and refused and judgment is directed to be entered on the verdict in favor of plaintiff Leslie P. Davis in the sum of $11,450.50 and in favor of plaintiff Luella L. Davis in the sum of $18,500 against defendants Ambrose A. Groner and Elizabeth Dent, with interest and costs of suit. An exception is granted to defendants.