# Lewis v. Spitler

*Joseph J. Laws,* for plaintiffs.
*Howard B. Krug,* of *Purcell & Nissley,* for defendants.

GATES, *P. J.,* January 7, 1975—The pertinent history of this case commences with the filing of a complaint in ejectment[1] on May 23, 1973. After the disposition of collateral matters an answer containing new matter and affirmative defenses was filed on December 20, 1973.

On January 8, 1974, plaintiffs filed preliminary objections to defendants' answer, new matter and affirmative defense.

The matter has been orally argued before us and we have the benefit of counsels' briefs.

---

1. Ejectment lies to establish a parol or resulting trust of land: Dumbach v. Bishop, 183 Pa. 602; Lynch v. Cox, 23 Pa. 265.

Plaintiffs' first objection is that the answer contains general denials which are prohibited by our pleading rules. His second objection is that the new matter is not new matter at all but a statement of facts which should have been the specific denials to the pertinent paragraphs in plaintiffs' complaint. The third objection is that the affirmative defense pleaded is insufficient as a matter of law as a defense to the cause of action set forth in plaintiffs' complaint.

We will direct our attention to the first two preliminary objections because they are dependent one upon the other.

In drafting a pleading such as an answer to a complaint the pleader must read Pa. R.C.P. 1019(a) and 1029(a) together. Rule 1019(a) requires that the party must state the material facts on which his cause of action or defense is based. Rule 1029(a) provides the counterpart by requiring that the responsive pleading of an adverse party shall admit or deny each of the averments of fact in the preceding pleadings. The admissions and denials in the responsive pleading must refer specifically by number to the paragraph contained in the admitted or denied averment. Furthermore, every averment of fact in the pleading to which a responsive pleading is required is admitted if not specifically denied or denied by necessary implication. In order for a denial to be specific, it must deny what is averred and then must affirmatively aver what did occur in place of the facts which are denied. The obvious purpose of requiring a defendant to aver his version of the facts is to raise a definite issue. If he does not specifically deny the facts and aver his version of the facts by merely stating that the averment of the adverse party is "denied" he has made a general

averment which, under the rules, constitutes an admission.

Pleading has always been an art in the law and it is not without some difficulty that attorneys determine when a denial is specific. But there should be no difficulty in this case. An example which goes to the very heart of the controversy here should be sufficient to demonstrate the principle.[2]

In paragraph 10 of the complaint, plaintiffs allege that there was an agreement between plaintiffs and defendants that, after defendants acquired title, they would convey 15 acres of the total tract located "below a road traversing said land and encompassing a stream and pond on said land . . ." to plaintiffs. The answer is as follows:

"10. Denied. No such agreement or defined set of boundaries was ever determined as more specifically set forth in defendants' new matter."

By referring to paragraph 28 of defendants' answer, we learn that there was indeed an agreement between the parties; that on securing title and obtaining a plot survey defendants were to convey to plaintiffs four or five acres of ground. Obviously paragraph 28, mistakenly placed under the heading of new matter, should have been specifically set forth in the answer in paragraph 10 denying specifically that the agreement was for the conveyance of 15 acres and averring that the agreement was for the conveyance of four or five acres of ground. Thus the issue of fact in dispute would be joined.[3]

Most of the factual averments under the heading

---

2. Other examples may be found in 7 Anderson Pa. Civ. Prac. §1271.

3. Any different interpretation would render the pleading of a case ridiculously awkward. For example plaintiffs would be required to restate the facts averred in paragraph 10 of the complaint as a reply to paragraph 28 of the answer.

of "new matter" in defendants' answer are superfluous.[4] They are in fact not "new matter" at all.

Pa. R.C.P. 1030 describes new matter in pleadings. It includes all affirmative defenses and it specifically provides that "A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading." All of the allegations under the heading of new matter lead directly to a factual averment which is the specific denial of the quantity of land involved in the agreement and an averment of defendants' contention as to the amount of land which was the subject of the agreement. Nothing in the new matter comes close to being an affirmative defense.

With all the complexities of pleadings there is only one purpose. That is to frame and define the factual issues to be tried either to the court or to a jury. As we view it, there appears to be one, and only one, factual issue in this case. There was an agreement. The amount of money involved is admitted. We know what tract of land is involved. We know the parties to the agreement. The only thing that is to be decided by a factfinder is the amount of land agreed upon. Plaintiffs say it was 15 acres —defendants say it was four or five acres. A court must decide the issue.

Plaintiffs' third preliminary objection is to paragraph 38 of the answer. The heading of the paragraph is "affirmative defenses." This itself is a violation of Pa. R.C.P. 1030. All affirmative defenses must be pleaded in a responsive pleading under the

---

4. Paragraphs 22, 23, 24, 25, 26, 27, 28, 32, 34, 35 and 36 are superfluous and are merely evidentiary matters.

heading "new matter." The statute of frauds is, of course, an affirmative defense but it is incorrectly stylized.

In the present posture of the case, we cannot dispose of the legal issue raised by the preliminary objection, inasmuch as the affirmative defense stated in the answer contains factual allegations to which plaintiffs are entitled to reply. But even if we accept the contention that there was no writing and that the resulting trust claimed by plaintiffs was orally entered into, the Act of April 22, 1856, P.L. 532, sec. 4, 33 PS §2, allows a resulting trust in land to be established by oral testimony. See also Lalich v. Bankovsky, 350 Pa. 441; Geyer v. Thomas, 364 Pa. 242; Potoczny v. Dydek et ux., 192 Pa. Superior Ct. 550.

Pa. R.C.P. 126 allows us to be liberal in the construction and application of the rules. We would of course be at liberty to strike the answer for failing to comply with the rules and treat plaintiffs' allegations as admitted. That would rather quickly determine this lawsuit but it would not be the just thing to do. This case has had a long history and is almost five years old. Our indulgence for just a few more days to allow defendants to properly answer the complaint is mild when compared to the length of time the attorneys have taken to get the case in its present posture. Consequently, we will allow defendants to amend their answer.

## ORDER

And now, January 7, 1975, plaintiffs' preliminary objections are sustained and leave is granted to defendants to file an amended answer in accordance with the foregoing opinion within 20 days.