

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2009

# In Re: John S. Stewa

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2360

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: John S. Stewa " (2009). *2009 Decisions.* Paper 1477.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1477

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 08-2360

———

In re:  JOHN S. STEWART, Jr.,
Debtor-Appellee


CHRISTINE C. SHUBERT, Trustee,
Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-07-cv-02283)
District Judge: Honorable Paul S. Diamond

———

Argued April 22, 2009

Before: SCIRICA, Chief Judge, SLOVITER, and FISHER, Circuit Judges

(Filed: April 27, 2009)

____

Paul B. Maschmeyer   (Argued)
Maschmeyer Karalis
Philadelphia, PA l9l03

    *Attorney for Trustee-Appellant*

Robert N. Braverman   (Argued)
Cherry Hill, NJ 08034

    *Attorney for Debtor-Appellee*

_____

OPINION

_____

SLOVITER, Circuit Judge.

Appellant Christine C. Shubert, the trustee ("Trustee") in appellee John S. Stewart,

Jr.'s ("Debtor") chapter 7 bankruptcy, appeals the decision of the Bankruptcy Court,

affirmed by the District Court, that the Trustee could not sell pursuant to 11 U.S.C. §

363(h) certain real property for which the Debtor was a record owner because the Debtor

held the property in a resulting trust for the benefit of his mother. We will affirm.

**I.**

At issue is whether the Trustee may sell for the benefit of the Debtor's creditors

property in Philadelphia, Pennsylvania, ("Property") at which the Debtor's mother,

Caroline Stewart ("Stewart"), resides. According to the Trustee, the Debtor owns a one-

half interest in that Property.

Stewart obtained title to the Property in 1951 when she purchased it jointly with

her husband, who died in 1990. On December 9, 2002, Stewart executed a deed to the

Property to the Debtor for the sum of one dollar ("First Deed"). Stewart had the First

Deed prepared in an attempt to minimize inheritance taxes on her estate. The Bankruptcy

Court credited testimony by Stewart and the Debtor that both understood that the First

Deed was conveyed for estate planning purposes and that Stewart, not the Debtor, would

remain the owner of the Property until Stewart died. *Stewart v. Shubert (In re Stewart)*,

2

368 B.R. 445, 448 & n.4 (Bankr. E.D. Pa. 2007).

Several months later, Stewart realized that she had inadvertently omitted her daughter, Susan Harris ("Harris"), from her estate-planning effort. She therefore requested that the Debtor transfer half of his interest to Harris, and the Debtor did so by executing a deed on March 6, 2003, which purported to transfer the Property jointly to the Debtor and Harris for the sum of one dollar ("Second Deed"). Notwithstanding these conveyances, Stewart continues to reside at the Property and pay all of the bills and taxes associated with the Property out of her own funds.

In September 2005, after the Debtor's son had incurred substantial credit card debt for which the Debtor was liable, the Debtor voluntarily filed for bankruptcy under chapter 7. In his bankruptcy filings, the Debtor listed his ownership interest in the Property as "½ Bare Legal Title of Caroline Stewart's property." App. II at 211. The Trustee subsequently filed a motion to sell the Debtor's interest in the Property pursuant to 11 U.S.C. § 363(h). The Debtor contested that motion and filed an adversary complaint seeking to enjoin the Trustee from selling the Property.

After holding a trial, the Bankruptcy Court held that the Trustee could not sell the Property. According to the Bankruptcy Court, under Pennsylvania law Stewart's transfer of the Property to the Debtor was subject to a resulting trust in favor of Stewart, who was therefore the equitable owner of the Property. Accordingly, the bankruptcy estate succeeded only to bare legal title in the Property and the Trustee's proposed sale was not

3

appropriate under § 363(h). *Stewart*, 368 B.R. at 457. Finally, the Trustee appealed to

the District Court, which affirmed.[1]

**II.**

Under section 363(h) of the Bankruptcy Code "the trustee may sell both the

estate's interest . . . and the interest of any co-owner in property in which the debtor had,

at the time of the commencement of the case, an undivided interest as a tenant in

common, joint tenant, or tenant by the entirety" if certain conditions are satisfied. 11

U.S.C. § 363(h).

The Debtor argues, and the Bankruptcy and District Courts held, that the Trustee's

proposed sale of the Property was inappropriate under § 363(h) because the Debtor held

the Property in a resulting trust for the benefit of Stewart, who thus was the equitable

owner. We agree.

A bankruptcy estate includes "all legal or equitable interests of the debtor in

---

[1] The Bankruptcy Court had jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2) and 1334. The District Court had jurisdiction under 28 U.S.C. § 158(a)(1) and we have jurisdiction under 28 U.S.C. § 158(d)(1). We exercise plenary review over the District Court's appellate review of the Bankruptcy Court's decision and exercise the same standard of review as the District Court in reviewing the Bankruptcy Court's determinations. *Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.*, 57 F.3d 1215, 1223 (3d Cir. 1995). Thus, we review the Bankruptcy Court's findings for clear error and its legal conclusions de novo. *Schlumberger Res. Mgmt. Servs., Inc. v. CellNet Data Sys., Inc. (In re CellNet Data Sys., Inc.)*, 327 F.3d 242, 244 (3d Cir. 2003).

4

property as of the commencement of the case." 11 U.S.C. § 541(a)(1). However, "[p]roperty in which the debtor holds . . . only legal title and not an equitable interest . . . becomes property of the estate under [§ 541(a)(1)] . . . only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." *Id.* Therefore, the "bankrupt estate . . . obtains no greater ownership right . . . than [the debtor] . . . would have . . . prior to the bankruptcy filing." *Universal Bonding Ins. Co. v. Gittens & Sprinkle Enters., Inc.*, 960 F.2d 366, 372 (3d Cir. 1992). We look to the applicable state law, here Pennsylvania law, to determine what interests a debtor possesses. *Id.* at 369.

Under Pennsylvania law, "[a] resulting trust arises where a person makes or causes to be made a disposition of property under circumstances which raise an inference that he does not intend that the person taking or holding the property should have the beneficial interest therein." *Galford v. Burkhouse*, 478 A.2d 1328, 1334 (Pa. Super. Ct. 1984) (quotations omitted). As recognized by the Bankruptcy Court, *Galford* is indistinguishable from the instant case. In *Galford*, the transferor wanted to ensure that certain real estate would be available to support his wife in the event that he died and therefore deeded the property to his son to avoid possible attachment of the property by certain creditors. *Id.* at 1330. Subsequently, the transferor decided that he wanted to convey the property to one of his daughters, but the son refused to do so. *Id.* The transferor brought an action to compel his son to convey the property to him or to the daughter. *Id.* at 1331.

5

The Pennsylvania Superior Court held that the transferor could not impose an oral trust on his transfer of the property to his son in light of the Statute of Frauds, but concluded that "[w]here an express trust fails, a resulting trust may be imposed by operation of law." *Id.* at 1333. Further, because "[t]he Statute of Frauds specifically exempts such trusts . . . from its operation," parol evidence is "admissible to show the circumstances under which [the] resulting trust arose" as long as such evidence is "clear, explicit and unequivocal." *Id.* (quotations and citations omitted). In *Galford*, "[t]he testimony of all parties . . . was in agreement that [the transferor] intended to transfer *only* bare legal title to [the son] at the time he executed the deed," and thus the "evidence was clearly sufficient to establish a resulting trust." *Id.* at 1334 (emphasis in original).

Similarly, in this case the Bankruptcy Court concluded that the Debtor held the Property in a resulting trust for Stewart because "Stewart intended to transfer the Property to the Debtor in trust" but "her intentions were ineffective due to the wording of the instrument [i.e., the First Deed] used to effect the transfer." *Stewart*, 368 B.R. at 457. This conclusion is amply supported by the record. The Bankruptcy Court credited the testimony of Stewart and the Debtor that the First Deed "was motivated wholly by the estate planning advice [Stewart] received from friends" and that both understood that Stewart would own the Property until she died. *Id.* at 454 & n.18. Further, after the execution of the First Deed, there was "no material change in the conduct of either Mrs. Stewart o[r] the Debtor." *Id.* at 454. Stewart continued to live at the Property and pay all

6

costs associated with it. The transaction culminating in the Second Deed also supports the conclusion that Stewart retained beneficial ownership of the Property because the Debtor executed the Second Deed on the instructions of Stewart in order to further her estate planning goals, "again suggesting that both parties considered the Property to be hers to control." *Id.* at 455.

The Trustee raises three arguments against the conclusion that Stewart was the equitable owner of the Property. None is convincing. First, the Trustee argues that we should not look beyond the four corners of the First Deed because it unambiguously conveyed Stewart's entire interest in the Property to the Debtor by "grant[ing]" the Property to the Debtor "in Fee." App. II at 150. However, as noted above, the Pennsylvania Statute of Frauds exempts resulting trusts from its strictures so that parol evidence is "admissible to show the circumstances under which a resulting trust arose." *Galford*, 478 A.2d at 1333 (citing *Geyer v. Thomas*, 72 A.2d 89, 90 (Pa. 1950); *Potoczny v. Dydek*, 162 A.2d 70, 76 (Pa. Super. Ct. 1960)); *see also* 33 Pa. Stat. Ann. § 2 (providing that trusts that "result by implication . . . of law" are exempted from the Statute of Frauds). Further, the parol evidence here is "clear, explicit and unequivocal" that Stewart did not intend to convey to the Debtor her equitable ownership in the Property. *Galford,* 478 A.2d at 1333 (citation omitted).

The Trustee next argues that Stewart must have intended to grant the Debtor her entire interest in the Property because, if Stewart retained an equitable interest in the

Property, it would have been subject to inheritance taxes upon her death, in contradiction of her avowed estate planning purposes. *See* 72 Pa. Stat. Ann. § 9107(c)(5). At most, this argument shows that Stewart, who was an unsophisticated party with a high school education and no legal training, may have failed to minimize her estate taxes through the conveyances at issue. As the Bankruptcy Court concluded: "While there may have been a better way to achieve her estate planning goals, [Stewart] signed the First Deed, not for the purpose of transferring her beneficial interest in the property, but only to transfer a future interest in the Property–which is precisely why a resulting trust arises in this case." *Stewart,* 368 B.R. at 457.

Finally, the Trustee contends that, even if the Debtor held the Property in a resulting trust in favor of Stewart, she may avoid Stewart's equitable interest in the Property pursuant to her strong-arm powers under 11 U.S.C. § 544(a)(3). However, under Pennsylvania law, Stewart's clear and open possession of the Property put the Trustee on constructive notice of Stewart's equitable interest therein, and therefore the Trustee may not avoid that interest under § 544(a)(3). *See McCannon v. Marston*, 679 F.2d 13, 16-17 (3d Cir. 1982).

### III.

For the above-stated reasons, we will affirm the judgment of the District Court affirming the judgment of the Bankruptcy Court.